BREAUX, C. J.
This is an action by plaintiff against the Athens Lumber Company, defendant, to have it declared that the judgment in the suit of Bailey v. La. R. Co. et al. and the Athens Lumber Co., 129 La. 1029, 57 South. 325, has been paid, decreeing the cancellation of the judgment and its erasure from the books of judicial mortgage. The alternative plea is: If not thus ordered canceled, then for a judgment of interest and costs in favor of plaintiff against the defendant lumber company. Plaintiff, in addition, asked for a judgment in the sum of $557, court costs, and attorneys’ fee incurred by it in defending the suit. Bailey v. Railroad Co. and Athens Lumber Co., 129 La. 1029, 57 South. 325.
The Athens Lumber Company admits that it operated its trains on plaintiff’s tracks, and that plaintiff Bailey obtained judgment for the damages claimed; but the Athens Lumber Company denies that it is responsible in damages for the injuries, seeks to have them assessed exclusively against the plaintiff, alleges that the accident was due to the gross negligence of plaintiff and its employSs, that they did not give the proper warnings and instructions to Bailey, furnished him with no schedule of time, left him in complete darkness and ignorance as to the movements of trains. Plaintiff should be condemned to pay the judgment.
Thus we have it in this contest: Plaintiff stoutly urges that defendant should be made to pay the damages, and defendant is equally as insistent that the plaintiff should pay. Defendant adds that the judgment has not yet been paid.
The defendant filed a peremptory exception of no cause of action. It was followed by the answer covering the points before stated.
The contract between the defendant and plaintiff in part reads:
That it, defendant (the Athens Lumber Company) will be responsible for all personal injuries to its own employes, to the employes of the plaintiff, as well as to other persons, caused by its locomotives or trains. There is a stipulation in the contract under which it is provided:
“When a locomotive or train of the party of the second part is out with the authority of the trainmaster or of the plaintiff, then the question of responsibility will be left to determination as to which party was at fault.”
There are conflicting clauses in the contract. In the first part, expressions of indemnity are positive and direct; in the second, they are not. It was left by the last clause to be determined who was at fault.
The “locomotive or train of the party of the second part was out with the authority of the trainmaster or of the plaintiff” at the time of the accident. From that point of view the last clause must prevail, and it was therefore left to the weight of the testimony as to who was at fault.
*791 The district court rendered judgment in favor of plaintiff against the Athens Lumber Company for $57 and all costs of this suit and rejected the other demands of- plaintiff as in nonsuit and rejected plaintiff’s reconventional demand.
Defendant appeals, and plaintiff on the appeal asked for an amendment of the judgment.
[1] In the above-cited decision, this court affirmed the judgment of the district court, condemning defendants in solido to pay $3,-500 to the plaintiff. It also reserved the right of the defendant railroad company as against the defendant lumber company.
The court stated in the decision cited supra that Bailey had not been properly informed ; that he had not been instructed; that he had been left to his own resources as a section foreman; that he met the train which caused the accident and did for the best under the facts and circumstances when he met with the accident of which he complained.
Plaintiff as section foreman had charge of the hand car which was coming from an opposite direction. He did all he could to avoid the collision, but failed, a failure for which he could not be held responsible, because it was not due to his negligence, but to the fault of the defendants. The court said in the cited decision:
“We find nothing in the contract which relieves either from the responsibility to plaintiff for the injury received.”
The testimony in the case before us for decision is not sufficient to enable us to determine at this time who was at fault and liable for the judgment as between the two defendants. The suit originally was brought by a third person. The judgment has been paid; by whom it does not satisfactorily appear. The issues, to an extent at least, have been merged into the judgment.
It is contended by plaintiff that this judgment has been paid. The contention is not sufficiently sustained. Plaintiff has not been subrogated to any of the rights of parties. If the judgment has been paid by the Athens Lumber Company, it will simplify the issues very much. If it has been assigned and is now held by a third person, as contended by the lumber company, it is not possible legally to order that the judgment is satisfied and that the judicial mortgage must be canceled. That can only be done contradictorily with all parties concerned. It cannot be done exclusively as between the defendants. Plaintiff has acquired no rights, as before stated. When it will have acquired, rights (if ever it does), it will be time to grant a judgment accordingly, decreeing that the judgment should be paid by the Athens Lumber Company if it was at fault. In the present condition of the issues, we do not find it possible to interpose the authority of the court. Defendants have been condemned in solido- and must remain condemned until it becomes evident that other remedy can be invoked.
With reference to the contract strictly of indemnity:
[2] As to the claim of plaintiff that in this-suit we should decide who was at fault when plaintiff Bailey was injured, we must decline so to do. The matter is before us on the evidence it was rendered before in the cited case; nothing is added thereto. Besides, we think that in the present condition all questions relating to that judgment must be disposed of before taking up the question of who is liable.
[3] Relative to the fee of attorney: We have been unable to discover that plaintiff is entitled to a fee for its regularly retained attorney paid by the year. Plaintiff has no-right to fees, there having been no contract made in regard to the fees, and the attorney appeared as its attorney. While he did as *793 sist in the defense in the cited case, his services therefor cannot be charged to the defendant, the Athens Lumber Company.
Regarding the $57 for costs incurred by plaintiff in the first suit, it should in our opinion remain as it was decided by the judge of the lower court. That is, it must be paid to the plaintiff for the sake of consistency, if for nothing else. The idea is that plaintiff has suffered no loss-; that it has been amply protected to date, and will not have anything to pay, not even costs, for those are ordered paid.
“The best rule would seem to be that, where the contract is strictly one of indemnity, the indemnitee cannot recover until he has .suffered actual loss or damage. Where the contract is to protect against liability, the indemnitee may recover as soon as his liability has become established.”
The indemnity here cannot be established as between the defendants and plaintiff.
For reasons assigned, the judgment appealed from is affirmed.
PROVOSTY, J., being absent on account of illness, took no part.