LAND, J.
 

 This is a suit to compel the specific performance by the defendant, Gluck’s Restaurant Corporation, of its obligation to hold petitioners harmless against any judgments that may be rendered against them in the matter of Janssen Catering Company v. L. A. Abadie, No. 129, 286 on the docket of the civil district court for the parish of Orleans. Petitioners also pray for all general and equitable relief.
 

 Judgment was rendered in the lower court in favor of petitioners for the sum of $4,068.-50, the amount of the judgments recovered against them by Janssen Catering Company, with legal interest from November 13, 1919, until paid, subject to a credit of $100, and for all costs of that proceeding.
 

 It is provided in this judgment that all amounts paid by or recovered from defendant, Gluck’s Restaurant Corporation, shall be deposited in the registry of the court and shall be used, under proper orders of the court, in satisfaction of the judgments in fa
 
 *244
 
 vor of Janssen Catering Company against petitioners, Lawrence A. Abadie and Albert P. Frisch, and in paying the costs of that suit.
 

 From this judgment defendant corporation has appealed.
 

 1. The defense is an exception of no right or cause of action, and a denial of the allegations of the petition.
 

 This exception was overruled in the court below, and judgment was rendered on the merits.
 

 Whether the exception of no right or cause of action should prevail depends entirely on the nature of the obligation of defendant corporation, with reference to the judgments rendered in favor of Janssen Catering Company against petitioners.
 

 The allegations of the petition, taken as true for the purpose of the exception, show:
 

 That in suit No. 129,286 in the civil district court, judgment for $4,068.50, with legal interest, was rendered in favor of Janssen Catering Company against Lawrence A. Abadie, one of the petitioners, dnd that this judgment was signed March 29, 1921.
 

 That on April 4, 1921, the defendant, Gluck’s Restaurant Corporation, purchased from petitioner Lawrence A. Abadie his restaurant and contents at 124 Royal street in the city of New Orleans, and that in the act of sale it is recited that: “This sale is made for and in consideration of the release by the vendor of all debts and obligations incurred by him for account of Abadie’s Restaurant, totalling —-dollars, a list of said creditors being annexed hereto and marked ‘Ne Varietur’ to identify herewith. (Including the obligation of vendee to hold harmless the said vendor and Albert P. Frisch against any judgments that may be rendered against them in the matter of Janssen Catering Company v. L. A. Abadie.)”
 

 It is further shown by the allegations of the petition:
 

 That a suspensive appeal was taken to the Supreme Court by Lawrence A. Abadie from the judgment rendered against him in the civil district court in favor of Janssen Catering Company; that a suspensive appeal bond for $7,000 was signed on April 5, 1921, by the petitioner Albert P. Frisch; and that on December 1, 1924, the judgment appealed from was affirmed by this court.
 

 • That on January 16, 1925, a writ of fieri facias was issued against petitioner Lawrence A. Abadie, and was returned nulla bona; that on March 13, 1925, judgment was rendered against petitioner Albert P. Frisch, surety on the appeal bond, in the full amount 'of the judgment rendered against Lawrence A. Abadie, his principal; and that both of these judgments have been recorded in the mortgage office book in the parish of Orleans.
 

 Petitioners have also alleged amicable demand in vain for the payment of these judgments by Gluck’s Restaurant Corporation.
 

 The whole theory of defendant’s case is that its obligation to hold petitioners harmless against the judgments, rendered against them in favor of Janssen Catering Company, is one strictly of indemnity, and that petitioners cannot recover, since the' judgments had not been paid by them, before instituting the present suit against the indemnitor.
 

 We do not concur in this view óf the case. In our opinion, the obligation of defendant corporation is one merely of indemnity against liability. As the judgments recovered against petitioners are final, they fixed such liability, and a right of action accrued in favor of petitioners against defendant corporation, as indemnitor.
 

 The act of sale of the restaurant by Abadie to Gluck’s Restaurant Corporation shows that no money was paid at the time by the vendee to the vendor. The sole considera
 
 *246
 
 tion of the sale was the release by the vendee, Gluck’s Restaurant Corporation, of Abadie, the vendor of his liability for debts and obligations due to his creditors, and “the obligation of vendee to hold
 
 harmless
 
 the said vendor and Albert P. Frisch
 
 against am/y judgments
 
 that may be rendered against them in the matter of Janssen’s Catering Company versus L. A. Abadie.”
 

 This obligation to hold petitioners harmless is a part of the consideration of the sale of the restaurant by Abadie to defendant corporation, a part of the purchase price itself, which defendant corporation was bound to pay. Necessarily, the obligation assumed by defendant corporation is one of indemnity against liability on the part of Abadie, the vendor, as well as on the part of Frisch, the surety on Abadie’s appeal bond, who alleges that he would not have signed this bond without the protection of the indemnity in question.
 

 The primary obligation of the vendee being .to pay the purchase price, it would be anomalous indeed in a case of this kind to shift the discharge of such obligation first upon the shoulders of the vendor, to whom the purchase price is legally due, through the mere pretext that the obligation in question is one of strict indemnity. Manifestly, this was not the intention of the parties to the contract of sale and indemnity.
 

 It is apparent that the object of defendant corporation was not to serve or accommodate any third person, b.ut to subserve a distinct purpose of its own, and, by reason of the indemnity agreement, to obtain a pecuniary and business advantage, in that it did not have to pay in cash, at the time, that portion of the purchase price represented by these judgments, but could wait until final judgments were rendered against the indemnitees.
 

 It is well settled that: “Where the indemnity is against liability, the cause of action is complete and thé indemnitee may recover upon the contract as soon as his liability has become fixed and established, even though he has sustained no actual loss or damage at the time he seeks to recover. Thus, under such a contract, a cause of action accrues to the indemnitee upon the recovery of a judgment against him, and he may recover from the indemnitor without proof of payment of .the judgment.” 33 Cyc. p. 438, par. 33.
 

 The text quoted is supported by numerous authorities given in footnote No. 77 to above citation, including the case of Keane v. Goldsmith, Haber & Co., 12 La. Ann. 561. In that case it is said in part: “The defendants bound themselves to protect Hart fully against the consequences of his obligation as surety to Keane. Hart, according to plaintiff’s petition, has been fixed as surety for Fisher in the sum of two thousand dollars by the final judgment of a court of the last resort. Now the defendants cannot fully protect Hart without paying the judgment rendered against him, or furnishing him with money to pay the same himself.” Page 561.
 

 “The best rule would seem to be that, where the contract is-strictly one of indemnity, the indemnitee cannot recover until he has suffered actual loss or damage. Where the contract is to protect against liability, the indemnitee may recover as soon as his liability has become established.” Louisiana & N. W. R. Co. v. Athens Lumber Co., 134 La. 788, 793, 64 So. 714, 716 (L. R. A. 1915B, 856).
 

 2. The mere fact that petitioners prayed inadvertently for specific performance of the indemnity obligation, instead of demanding a personal money judgment against defendant corporation, is unimportant, as the petition sets forth clearly a cause of action entitling petitioners to such judgment for the amount of the final judgments rendered against them, and adequate redress may be
 
 *248
 
 granted petitioners under their prayer “for all general and equitable relief.”
 

 “A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify. Leland v. Rose, 11 La. Ann. 69.” Legier v. Braughn, 123 La. 463, 466, 467, 49 So. 22, 23.
 

 “ ‘Under the prayer for general relief, suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action.’ 1 Hennen’s Dig. (p. 734, 4), No. 5.” Kinder v. Scharff et al., 125 La. 594, 600, 51 So. 654, 656.
 

 The judgment rendered by the lower court is justified, in our opinion, by the pleadings and the evidence.
 

 3. Defendant corporation complains also as to that part of the judgment directing the payment of the amount due by petitioners, under the judgments in favor of Janssen Catering Company, into the registry of the court, and requiring the fund to be disbursed only on proper orders of the court.
 

 After these judgments in favor of Janssen Catering Company became final, petitioners made demand upon defendant corporation for their payment, which was refused. It was the duty of defendant corporation, as indemnitor, either to have furnished petitioners the money with which to satisfy these judgments, or to have paid the judgments itself, for in no other way could defendant corporation protect petitioners against liability on these judgments, under its particular contract of indemnity in this case.
 

 It is immaterial to petitioners what the form of the judgment is, so long as they can be protected against further attempts of the Janssen Catering Company to collect from them.
 

 Since the Gluck’s Restaurant Corporation justly owes this money under its indemnity agreement, it is likewise immaterial to defendant also, if the money is first paid into the registry of the court, and afterwards paid out on proper judicial order, as defendant is-fully protected by the judgment rendered in the ease at all events.
 

 Judgment affirmed.