No. 706

First Circuit

BROWN v. LEARD

(December 1, 1930. Opinion and Decree.)

J. C. Daspit and J. R. Fridge, of Baton Rouge, attorneys for plaintiff, appellee.

Hermann Moyse, of Baton Rouge, attorney for defendant, appellant.

LeBLANC, J. The plaintiff in this case had originally, in May, 1927, obtained a judgment for compensation against the defendant. He had presented a claim for compensation for the full period of 400 weeks on the ground that he had a total, permanent disability. The judgment of court allowed him compensation at the rate he prayed for, but for the period of 300 weeks. There were no written reasons for judgment assigned, but it seems to be admitted that it was based on total permanent incapacity. No appeal was taken, and compensation was paid regularly.

In March, 1929, the defendant presented a motion to the court in which he averred that the plaintiff's condition had improved, and he accordingly prays to have him examined by competent physicians, to the end, no doubt, that, if he was found improved, compensation would be either diminished or discontinued. That motion remained in abeyance. The plaintiff was never examined, and compensation continued to be paid, and was about to expire by final payments, when, on September 20, 1929, the plaintiff in turn presented a motion in which he alleges that his condition has grown worse, and he asks to be examined by competent medical experts. He prayed that, after due examination, a

hearing be had before court, and that there be judgment "amending and revising and increasing the judgment heretofore rendered" from 65 per cent of his average weekly wage, for a period of 300 weeks to the same average weekly wage for a period of 400 weeks. He was examined, the hearing was had, and judgment rendered in his favor as prayed for. The defendant has appealed.

Plaintiff's motion seeking an· amendment and extension of the period of time of compensation contains the following allegation:

"That in the original judgment rendered in this cause plaintiff was found by this Honorable Court to be permanently and totally disabled from doing any work of a reasonable character, and was awarded judgment for sixty-five (65%) per cent of his weekly wages for a period of three hundred weeks."

That judicial declaration on the part of the plaintiff formed the basis of an exception of no cause of action which was filed by the defendant; the contention being made that, as the plaintiff had already been found to be permanently and totally disabled, it would be illogical to try to show that his disability had increased, as it is physically impossible for a person to be more disabled than totally and permanently so. It is further argued that, as the real purpose of this motion is to amend a judgment fixing the time of compensation at 300 weeks instead of the maximum of 400 weeks, plaintiff pursues the wrong remedy, as his right to have this done would have been by timely appeal.

Whether it was discretionary with the lower court to limit the period of compensation in its original judgment to 300 weeks, or whether that judgment was the proper or correct one to have been rendered under the law and the evidence, is a matter with which we are not concerned at this time. If the plaintiff was not satisfied with the period of compensation as fixed therein, it was his duty to appeal. That was his remedy. Quattlebaum v. Texas Pipe Line Co., 4 La. App. 406; Becton v. Deas Paving Co., 3 La. App. 683. He had a whole year in which to have this question reviewed on appeal. He did not appeal, but, more than two years after the date of the rendition of that judgment, appears in court and contends that he has the same right to have the same result accomplished under the provisions of section 20 of the Compensation Act. He invokes section 20 of the Act No. 20 of 1914, as amended by Act No. 38 of 1918, as he says that the injury was sustained in 1925, which was the year previous to that in which the present law on the subject was enacted.

In view of the language of that section of the act which he invokes, to the effect that the judgment may be reviewed upon the application of either the employer or the employee, "on the ground that the incapacity of the injured employee has SUBSEQUENTLY DIMINISHED OR INCREASED * *.*" (capitals ours) and of the fact that the plaintiff has already been adjudged to be TOTALLY AND PERMANENTLY DISABLED, there seems to be serious doubt as to his right to proceed thereunder. It would be very difficult, if not impossible, to conceive how a person who already has a permanent total disability, can suffer an increased incapacity. From the standpoint of logic and sound reasoning, no incapacity which is total and permanent can increase.

There seems to be much merit in the defendant's exception of no cause or right of action, and it might very well have been

sustained. The evidence, however, was admitted and considered by the lower court as it had overruled the exception. Inasmuch as the case on plaintiff's motion is before us for review on the merits, we may as well pass upon it.

The testimony, as we view it, does not show any increased incapacity, which it was necessary for plaintiff to show under section 20 of the act, which he maintained he has a right to proceed on. The testimony of Dr. Lester Williams on this point is unimportant, because he makes it plain that he is not testifying as an expert, but merely from a layman's point of view. He is an X-ray specialist, and as an expert testifies from the viewpoint of his particular specialty, and does not seem to want to be involved in the medical aspect of plaintiff's condition. Dr. Thomas Bird, the only other witness, says that he finds his general condition worse, but also says that, in speaking of his condition, he does not mean in regard to his ability to work. "It is medically that I was speaking," he says, "and not from the viewpoint of his ability to do work." By his own witnesses, therefore, it seems plaintiff has failed to prove the increased incapacity he was required to show, and his motion should have been dismissed.

The judgment of the lower court was erroneous and should be reversed.

For the reasons herein stated, it is ordered that the said judgment be, and the same is hereby, annulled, avoided, and reversed, and it is further ordered that there be judgment in favor of the defendant, S. W. Leard, and against the plaintiff, Ed. O. Brown, dismissing and rejecting the latter's claim, at his costs.

ELLIOTT, J. (dissenting). The question is whether the judgment rendered May 23, 1927, condemning defendant to pay plaintiff 65 per cent of his wages, or the sum of $7.50 per week for a period of 300 weeks, less sums paid, is final and in effect res adjudicata as to the number of weeks plaintiff can claim compensation, when the facts show that he has been a permanent total disability as a result of and constantly since his injury received on June 30, 1925.

Following his injury on June 30, 1925, plaintiff brought suit alleging that it had produced in him a permanent total disability, and claimed compensation accordingly, but, in deciding the case by judgment rendered May 23, 1927, the court allowed him but 300 weeks, which was the greatest period of time during which compensation could be allowed for a temporary total disability. The greatest period of time during which compensation could be allowed on account of permanent total disability was 400 weeks.

The act provides that "the judge shall not be bound by technical rules of evidence or by technical rules or procedure other than as herein provided. * * * The judge shall decide the merits of the controversy as equitably, summarily and simply as may be." Act No. 20 of 1914, sec. 18, par. 4, as amended by Act No. 85 of 1926. Section 36 provides that no contract, rule, regulation, or device whatever shall operate to relieve the employer in whole or in part from any liability created by this act, except as herein provided, and the provision is in furtherance of the act as a whole.

After paying compensation for about two years or more, defendant, moving under

section 20 of the act (amended by Act No. 38 of 1918 and Act No. 85 of 1926), alleged that plaintiff's incapacity had terminated or decreased, ruled him into court to show why compensation should not be discontinued or decreased, which shows that defendant did not regard the 300 weeks which the judgment fixed as not subject to change. The plaintiff countered by alleging that his incapacity had increased, and ruled defendant to show cause why it should not be required to pay him an additional 100 weeks. Of course there can be no increase of incapacity beyond that of permanent total disability, but plaintiff prays in his rule, among other matters, for such further orders as may be necessary in the premises and for all equitable and general relief. Under this prayer it was shown that plaintiff was a permanent total disability, due to his injury of June 30, 1925, and had constantly been such since his injury. Appropriate relief can be granted in such a case. Abadie v. Gluck's Restaurant, etc., 168 La. 241, 121 So. 757.

The judgment of May 23, 1927, should not, in my opinion, in view of the provisions of the Employers' Liability Act on the subject, be given the effect of finality as to the number of weeks for which plaintiff can receive compensation when in appropriate proceedings he shows that he is a permanent total disability as a result of his injury on June 30, 1925, and has remained such constantly ever since.

It seems to me that the judgment of the district court, allowing plaintiff the 100 additional weeks, is correct and in compliance with the act in question, and that the judgment should be affirmed.

I therefore dissent.