SHORTESS, Judge.
On December 20, 1979, an incident occurred on the premises of Coupe’s Lounge in Ascension Parish between Euylas Burton (appellant) and Sheilah Lott (appellee). Appellant is a white male approximately five feet, eleven inches tall and weighing 195 to 200 pounds. Appellee is a white female approximately five feet, seven inches tall and weighing approximately 165 to 170 pounds. At the time of the incident, appellee was a barmaid at Coupe’s Lounge, and appellant was a patron. The facts surrounding the incident and its provocation are in dispute. In accordance with the provisions of La.C.C.P. Arts. 2130 and 2131, the parties entered into a joint stipulation of facts in lieu of a trial transcript. Both parties agree that defendant-appellant hit appellee once in the face in the parking lot outside of Coupe’s Lounge, and that she was taken to the emergency room of East Ascension General Hospital. The trial court rendered judgment against appellant for $5,797.31 ($3,500.00 in general damages and $2,297.31 in special damages).
Appellant’s sole specification of error is that:
“The Honorable Trial Court for the 23rd Judicial District Court committed manifest error in finding as a matter of law and fact that the conduct of defendant-appellant herein made him liable for injuries sustained by the plaintiff-appel-lee.”
A serious controversy exists between the parties as to what actually occurred. The case centered basically on the testimony and the credibility of the witnesses at trial. The crux of this appeal involves a factual dispute. Thus, the judgment of the trial court should be given great weight, and unless manifest error or abuse of discretion exists, that judgment should be affirmed. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The trial court chose to believe the testimony of ap-pellee and her witnesses. We cannot say that it was clearly wrong in doing so.
In addition, the decision of the trial court as to quantum should not be disturbed on appeal unless there is an abuse of its “much discretion.” Reck v. Stevens, 373 So.2d 498 (La.1979).
The trial court obviously found that this altercation aggravated appellee’s back condition. We cannot say it was clearly wrong in so finding, and its award of damages was clearly within its discretion. The decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.