SAVOIE, Judge.
Plaintiff, Mrs. Georgia Parker Hampton, appeals a jury decision denying her recovery for the wrongful death of her husband, Mack H. Hampton.
On January 29,1974, Mr. Hampton, while working as a contract employee for Plant Service Division of Barnard & Burk, Inc. (B & B), was exposed to deadly phosgene gas. At approximately 5:15 P.M. on the date of the accident, a phosgene gas leak developed on the MDI unit of Rubicon Chemicals, Inc. (Rubicon), the then current contract employer of B & B employees. In the early morning hours of January 30, 1974, Mr. Hampton died as a result of his exposure to this gas.
Plaintiff, Mr. Hampton’s widow, both individually and for her minor child, filed suit against Rubicon, Reliance Insurance Company (Rubicon’s insurer), Barnard & Burk, Inc., Fireman’s Fund Insurance Company (Barnard & Burk’s insurer), hereinafter referred to as Fireman’s Fund, and numerous employees and/or executive officers and agents of both Rubicon and B & B. Prior to trial, a settlement was reached on behalf of Rubicon Chemicals, Inc., Reliance Insur- *1256 anee Company, and the employees of Rubicon.
Prior to empaneling the jury, plaintiff requested a statement be given the jury that only one defendant remained, Fireman’s Fund. At trial, plaintiff attempted to show that Fireman’s Fund, as insurer of B & B’s executive officers, was liable for their negligent acts. Particularly, she attempted to show that John Daniel, B & B’s Vice-President of Administration, had negligently assigned his responsibility for B & B’s employees’ safety program and its implementation to Julian Dyason, B & B’s safety consultant. Accordingly, she asserted that Fireman’s Fund is liable for the negligent acts of B & B’s executive officer.
After the trial on the merits, plaintiff claimed to have discovered new evidence to substantiate Fireman’s Fund’s liability for the alleged negligent acts of B & B’s safety consultant, Julian Dyason. After a hearing, the trial court denied plaintiff’s motion for a new trial. Plaintiff appeals both the jury’s and the trial court’s decisions, complaining that:
1. Fireman’s Fund’s incorrect responses to discovery enabled Fireman’s Fund to construct its successful central defense at trial,
2. The trial court gave improper jury instructions,
3. The trial court made a gross misstatement of the law regarding executive officer liability which confused and misled the jury,
4. The jury was clearly wrong in failing to find John Daniel negligent in delegating his authority to a safety consultant,
5. The trial court erred in not allowing rebuttal testimony,
6. The trial court erred in forcing plaintiff to call an alleged tort-feasor on direct examination,
7. The trial court erred in allowing parol evidence to be introduced as to the meaning of the contract between Rubicon and B & B, and
8. The trial judge erred in not granting plaintiff’s motion for a new trial.
ASSIGNMENT OF ERROR NO. 1
Plaintiff first contends that the judgment of the trial court should be reversed or, at least, a new trial ordered, due to Fireman’s Fund allegedly misleading or incorrect discovery responses and suppression of documents.
Prior to trial, plaintiff propounded certain interrogatories to Fireman’s Fund to produce any correspondence from B & B or anyone else concerning liability coverage for certain named individuals. The production of documents/correspondence concerning such liability coverage for those certain individuals was also requested. After completion of the trial, plaintiff discovered the existence of an indemnification agreement between Julian Dyason and B & B. Plaintiff asserts that this document should have been produced as it allegedly supplies pertinent liability coverage. In pertinent part, the contract of employment between Julian Dyason and B & B provides that:
“Barnard & Burk, Inc. hereby agrees to defend or indemnify and hold harmless Julian Dyason and Associates against any and all expense which they might incur as a result of any suit brought against them by an employee of Barnard & Burk, Inc. as a result of the services being rendered under the terms of this agreement.” (Emphasis added).
This is not a contract of liability insurance coverage. The aforementioned provision is a contract of indemnification.
It is settled that “... where the contract is strictly one of indemnity, the indemnitee cannot recover until he has suffered actual loss or damage. Where the contract is to protect against liability, the indemnitee may recover as soon as his liability has become established.” Louisiana & N.W.R. Co. v. Athens Lumber Co., 134 La. 788, 793, 64 So. 714, 716 (1914); see also Abadie v. Gluck’s Restaurant Corporation, 168 La. 241, 121 So. 757 (1929). Based upon these rules, it is settled that the indemnitor cannot be called upon to indemnify the in-demnitee unless the indemnitee’s liability has been established.
*1257 In the instant case, plaintiff named Julian Dyason (indemnitee) as a defendant but failed to serve him. As such, he never became a proper party defendant in this litigation. Not having been a defendant, his liability was never established. Consequently, neither B & B (indemnitor) nor its insurer, Fireman’s Fund, was ever required to respond in indemnification.
However, plaintiff contends that had she known of the contract of indemnification between Julian Dyason and B & B, she would have sued Dyason. Of course, the mere fact that plaintiff did not know of the indemnity agreement did not keep her from suing Dyason. However, assuming, ar-guendo, that with the information requested plaintiff would have sued Dyason, and had she done so, defendant’s approach to the jury might have been different, the question that was before the trial court and is presently before us is whether a new trial should be granted because of this. A new trial will be granted on the basis of newly discovered evidence where the court is convinced that the evidence discovered would have affected the outcome of the trial. C.C.P.1972, Baltzar v. Missouri Pacific Railroad, 406 So.2d 324 (La.App. 3rd Cir., 1981).
It is highly speculative that the evidence of the indemnity agreement would have resulted in Dyason’s being sued, the defense to the suit being changed, and the jury’s verdict being different. Consequently, the refusal of the trial judge to grant a new trial was not an abuse of discretion. Balt-zar, supra.
We find this assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 2
Plaintiff contends that the jury instruction regarding the standard by which an executive officer can be absolved of liability by delegating authority was improper. L.S;A.-C.C.P. art. 1793 provides in pertinent part:
“.'.. A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection .... ” (Emphasis added).
Our court, interpreting this article, has held:
“The foregoing codal provision is clear and unambiguous. It establishes a procedural rule which, by its terms, is mandatory if a litigant desires to preserve the right to appellate review of denial of a requested jury charge. The statute requires that the litigant must not only object to each special charge which is refused, but must also state the grounds for each such objection. The purpose of the requirement that the grounds for each objection be stated is obviously to afford the trial court opportunity to reweigh its refusal in the light of the merits, if any, of the grounds advanced by counsel making the objection.” Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1st Cir.1975), writs refused, January 16, 1966 [325 So.2d 279]; see also Vitari v. Lewis, 361 So.2d 476 (La.App. 4th Cir.1978); and Geislar [Geisler] v. Louisiana Power & Light Co., 346 So.2d 339 (La.App. 4th Cir.1977).
In this instance, plaintiff timely made a blanket objection to the trial judge’s jury charge but did not assign the grounds for these objections. Consequently, the objection was waived. Accordingly, we find plaintiff’s second assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 3
Plaintiff next contends the trial judge erred in making comments in the jury’s presence that gave them an incorrect impression of the law regarding an executive officer lawsuit.
The question, objection and ruling complained of is as follows:
“BY MR. B. MACMURDO:” (plaintiff’s attorney)
“Q. How large was — how many employees did Barnard & Burk have in January of 1974?
“MR. NAVRATIL: I object to that as being irrelevant.
“THE COURT: Do what?
*1258 “MR. NAVRATIL: An irrelevant question.
“THE COURT: I think that’s true.
“MR. MACMURDO: Your Honor, may it please the Court, with an executive officers suit the relative role of an executive officer in the corporation is important.
“THE COURT: I don’t see that it makes any difference if there is one employee or a thousand employees, what the executive officer had — what his duties were or anything like that doesn’t make any difference. It’s irrelevant.”
Reading the record in toto, it is clear that the trial court did not rule that the duties of the executive officers were irrelevant. On the contrary, he ruled that any question concerning the number of employees at B & B in January, 1974, was irrelevant. Nonetheless, the record reflects that subsequently this information was introduced into evidence. Accordingly, we find this assignment of error to be totally without merit.
ASSIGNMENT OF ERROR NO. 4
Plaintiff further asserts that the jury verdict was clearly wrong in finding that John Daniel was not negligent and that his negligence was not a proximate cause of the death of Mack Hampton. In her brief, plaintiff enumerates the following facts as proof that John Daniel was negligent, to-wit:
“1. Mack Hampton did not know he was working near a poisonous gas; in fact, he did not know what phosgene gas was!
“2. All the Rubicon employees either put on masks or stayed upwind and were unharmed; no Barnard & Burk personnel put on masks, and some did not evacuate promptly, and four were hospitalized for 19 days; Hampton was killed,
“3. Even Herman Schenk, the only Barnard & Burk employee present during the spill with any supervisory responsibility, admitted that escape masks would have kept the Barnard & Burk men from serious harm,
“4. Schenk tried to testify that the Barnard & Burk men were properly trained but he himself did not know that there were some Rubicon can-nister masks on the unit which would have protected the men and Schenk did not know that phosgene gas had a delayed effect,
“5. Dean Armstrong, the superintendent for Barnard & Burk at the Rubicon plant, admitted that the Barnard & Burk men were not trained to use escape masks,
“6. Fireman’s Fund did not produce any proof that evacuation drills were conducted or that there was even an escape plan in case of a phosgene spill, and
“7. John Daniel breached a duty owed to Mack Hampton by failing to establish a safety program that would inform him of the dangers of phos-gene and how to protect himself when exposed to phosgene.”
Plaintiff’s arguments are directed to the jury’s findings of fact.
It is well settled in Louisiana that the findings of the trier of fact are entitled to great weight and will not be overturned absent clear error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); and Lott v. Burton, 423 So.2d 53 (La.App. 1st Cir. 1982). Further, we may not substitute our evaluations and inferences for the reasonable evaluations and inferences of the trier of fact, unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); and Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980), writ refused, 392 So.2d 690 (La. 1980). We find no clear error as to the jury’s findings. Accordingly, we find plaintiff’s fourth assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 5
Plaintiff contends the trial court erred in not allowing certain witnesses to testify on rebuttal. The matter of admission of rebuttal evidence is largely within the discretion of the trial judge. Baltzar v. Missouri Pacific Railroad, 406 So.2d 324 (La. App. 3rd Cir.1981); and Lea v. Baumann *1259 Surgical Supplies, Inc., 321 So.2d 844 (La. App. 1st Cir.1975), writ denied, 325 So.2d 279 (La.1976).
Here, plaintiffs counsel stated to the court “I think it’s proper for me to bring him back to repeat it ... since it’s been challenged.” (Emphasis added). We glean from this statement that the testimony to be presented by the rebuttal witness was merely repetitive. As such, the trial court did not abuse its discretion in sustaining defendant’s objection. Accordingly, plaintiff’s fifth assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6
Plaintiff next contends that the trial court erred in forcing plaintiff to call certain witnesses on direct-examination rather than on cross-examination. It is asserted that this ruling led to the ludicrous result that Mr. Daniel was also required to be called on direct-examination rather than on cross-examination.
L.S.A. — C.C.P. art. 1634 provides:
“Any party or his representative may be called as a witness and cross-examined by the adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony, and immediately thereafter the witness thus called may be examined or cross-examined to the extent otherwise permitted by law upon the subject matter of his examination in chief by such adverse party. The court may permit the recall and further cross-examination of the party or his representative as often as it deems such action to be in the interest of justice. “ ‘Representative’ as used in the paragraph above and in Article 1428(2) means an officer, agent or employee having supervision or knowledge of the matter in controversy, in whole or in part, whether or not he is in the employ of or connected with the party at the time his testimony is taken” (Emphasis added).
The record reflects that plaintiff called Mr. Dennis D. Flurry, currently employed by B & B as a maintenance superintendent. Mr. Flurry testified that he had also been employed by B & B prior to the date of the accident as a maintenance supervisor on the MDI unit. However, he was not employed by B & B at the time of the accident. Defendant then objected to Mr. Flurry being called on cross-examination.
Mr. Flurry was an employee of an adverse party (B & B), since dismissed, to this litigation. As such, he falls within the ambit of the term “representative” and should have been allowed to be called on cross-examination. See Esta v. Dover Corp., supra; and Powell v. Parkview Estate Nursing Home, Inc., 240 So.2d 53 (La. App. 2d Cir.1970).
However, the trial court’s ruling was harmless error. It had no effect on the outcome of the trial and in no way prejudiced the plaintiff’s case. Plaintiff contends that the inability to call Mr. Flurry on cross-examination led to the plaintiff not being able to call Mr. Daniel on cross-examination. This argument is totally without merit for the following rationale.
The trial court’s ruling as to Mr. Flurry’s testimony had nothing to do with plaintiff’s ability to call Mr. Daniel on cross-examination. The record reflects that the trial judge stated that “this witness”, referring to Mr. Flurry, could not be called on cross-examination. No such ruling or objection was made as to Mr. Daniel. Further, the record clearly shows that Mr. Daniel was never called on cross-examination but was called on direct examination. As such, plaintiff’s contention is without merit. Accordingly, we find the plaintiff’s sixth assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 7
Plaintiff also contends the trial court erred in allowing parol evidence to be admitted concerning B & B’s duty to supply safety equipment under its maintenance contract with Rubicon. The contract provides in pertinent part: .
“Article 2, paragraph 3
“Small tools including those shown on the attached Schedule A with a value of $300.00, more or less, are to be furnished by Contractor with no charge therefor other than Contractor’s fee although cer *1260 tain special tools valued in the amount both above and below $300.00 which are peculiar to Owner’s facility shall be furnished by Owner.
“Items shown on the attached Schedule A are considered expendable tools or supplies and not to be furnished by Contractor without reimbursement other than the said fee.”
and
“Article 16 which provides in pertinent part:
“Unless otherwise specified, Contractor shall provide and pay for all materials, labor, tools, equipment, transportation, and other facilities necessary for the execution and completion of the work.”
In Schedule A, B & B assumed responsibility for providing the following included items: (1) filters, respirators, and (2) safety equipment.
Under Louisiana law, although parol evidence is inadmissible to vary the terms of a written contract, it is admissible to clarify ambiguity and to show the parties’ intention where the terms of the contract are susceptible to more than one interpretation, where there is uncertainty or ambiguity as to its provisions or where the intent of the parties cannot be ascertained from the language employed. L.S.A.-C.C. art. 2276; and Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981). However, the parol evidence rule applies only to actions between the parties to the contract and their privies, not to actions between parties and third persons. Hobbs v. Central Equipment Rentals, Inc., 382 So.2d 238 (La.App. 3rd Cir.1980).
Here, Mr. Daniel, as Executive Vice-President of B & B, signed the contract with Rubicon. As such, he is a party to the contract and his testimony is admissible to show the parties’ intent as to the contract.
Further, plaintiff cites two instances in which there appears to be a conflict in the trial court’s holding with respect to the admissibility of parol evidence concerning the contract. However, a close reading of the record indicates that in the first instance, the trial judge found the terms “filters and respirators” to be clear and unambiguous. As such, parol evidence is clearly inadmissible. L.S.A.-C.C. art. 2276.
In the second instance, the term which bears scrutiny is “safety equipment.” The trial court, relying on its previous determination that “safety equipment” could mean anything, overruled plaintiff’s objection to the introduction of parol evidence by Mr. Daniel as to its meaning. We find the term “safety equipment” to be ambiguous. As such, parol evidence is clearly admissible by a party to the contract to give definition to its terms. Accordingly, we find plaintiff’s seventh assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 8
Plaintiff lastly asserts that the trial judge erred in refusing to grant plaintiff's motion for a new trial. In brief, plaintiff asserts that based upon all of the foregoing assignments of error, a new trial should be granted.
Having already found all of plaintiff’s assignments of error to be without merit, we also find this assignment of error to be without merit.
For the above and foregoing reasons, judgment of the trial court is affirmed. Plaintiff-appellant is to pay all costs.
AFFIRMED.