406 So.2d 324 (1981)
Melvin L. BALTZAR, et al., Plaintiffs-Appellants,
v.
MISSOURI PACIFIC RAILROAD, et al., Defendants-Appellees.
No. 8515.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
*325 Gravel, Robertson & Brady, Dee D. Drell, Alexandria, for plaintiffs-appellants.
*326 Hudson, Potts & Bernstein, B. Roy Liuzza, Monroe, for defendants-appellees.
Before DOMENGEAUX, SWIFT and YELVERTON,[*] JJ.
SWIFT, Judge.
This is a tort suit in which the plaintiffs, Melvin L. Baltzar and his daughter, Sherry Baltzar, seek to recover damages from the defendants, Missouri Pacific Railroad Company, Texas & Pacific Railway Company and Wilfred L. Maglothin, for personal injuries and property loss which they sustained in a car-train collision. After trial on the merits, the judge found no negligence on the part of the railroad or its employees and that the accident was caused by Mr. Baltzar. Judgment was therefore rendered in favor of defendants. After plaintiffs' motion for a new trial was denied, they took this appeal. We affirm.
On July 27, 1974, Baltzar was driving his automobile in a westerly direction crossing the Missouri Pacific tracks in Glenmora, Louisiana, accompanied by his daughter, Sherry. As the vehicle crossed the tracks, it was struck by a train engine owned and operated by the Missouri Pacific Railroad Company which was traveling towards the north. Sherry Baltzar was injured to some extent and Melvin Baltzar sustained serious injuries.
The plaintiffs contend that the trial court erred in concluding that the railroad company was not negligent, asserting they established the following items of negligence: (1) The train was speeding; (2) The engineer did not sound a warning of the approach of the train; and (3) The flasher lights at the crossing did not function.
As to speed, the defendants presented the testimony of the engineer, Wilfred L. Maglothin, who said that the speed recorder on the train showed it was going 30 miles per hour. Also, the Glenmora Town Marshal, James O. Sharp, testified that he heard the train, drove along parallel to it for the purpose of clocking its speed and determined the train was traveling less than the speed limit of 35 miles per hour. As opposed to this, plaintiff presented only the testimony of his nephew, Craig L. Baltzar, who was of the opinion that the train was going 36 to 38 miles per hour.
In regard to whether the whistle was blown, the town marshal testified that he was attracted to the train because he heard the train whistle and that the whistle was sounded continuously from a quarter of a mile up to the moment of impact. There was also testimony to the same effect from three other defense witnesses.
The defendants produced several witnesses who testified that Mr. Welch, an off-duty employee of the railroad company stated that when he heard the train approaching he positioned himself to check it for hot boxes and distinctly recalled that the flashers were operating properly when the Baltzar vehicle approached the tracks. Rev. Jasper Wilson, a motorist, testified that the flasher lights were working when he arrived immediately after the impact. Also, three of the Missouri Pacific's employees on the train and the town marshal said they noticed that the flasher or flashers were blinking properly. Additionally, of significance is that these lights were checked on July 24, 1974 (three days before the accident) and were again inspected on July 29, 1974 (two days after the accident). They functioned properly on both inspections.
Despite some testimony to the contrary by plaintiffs' witness, there is ample support in the record for the trial judge's findings that the train was not traveling at an excessive rate of speed, that its whistle was blown according to regulations and that both sets of warning lights were fully operational. Such factual determinations of a trial court will not be disturbed on appeal unless a review of the record reveals that the decision of the trial court is manifestly erroneous or clearly wrong. Canter *327 v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). We certainly do find this to be the case in this suit. Instead, we reach the same conclusion as the lower court, that the cause of the accident was plaintiff's negligent attempt to cross the railroad track in the face of a plainly visible freight train while its whistle was blowing and the crossing warning red lights were flashing.
The plaintiffs also contend the trial court erred in denying their motion to reopen the case for the purpose of submitting the deposition of a newly discovered witness. After judgment the plaintiffs made the same request in a motion for a new trial. It was likewise denied.
The motions set forth that approximately six years after the accident the plaintiff's wife met a person who claimed to have been an eyewitness, but they contain no allegation in regard to the facts to which this witness would testify.
The law is well settled that one seeking to reopen a case on the grounds of newly discovered evidence must allege and prove that the evidence could not have been discovered prior to trial through the exercise of due diligence. Commercial Credit Corp. v. Nolan, 385 So.2d 1246 (La.App. 3 Cir. 1980); Jessen v. Jessen, 386 So.2d 953 (La.App. 3 Cir. 1980). Also, for a motion for a new trial to be granted on the ground of newly discovered evidence the mover has the burden of showing that the new evidence would tend to change the result of the first trial. Cable v. Cazayon, 351 So.2d 797 (La.App. 1 Cir. 1977). In Louisiana the decision to hold open or reopen a case for the production of additional evidence is within the sound discretion of the trial judge and his decision will not be disturbed unless abused. Gauthier v. Helmerich and Payne Drilling, 401 So.2d 692 (La.App. 3 Cir. 1981); Harrison v. South Central Bell Telephone Co., 390 So.2d 219 (La.App. 3 Cir. 1980), writ denied 396 So.2d 900 (La.1981).
We are unable to find an abuse of discretion by the trial judge in refusing to reopen the case under these circumstances.
The plaintiffs further contend the trial court erred in allowing the defendants to rehabilitate the testimony of a witness who had been impeached by the plaintiffs with a contradictory statement. We disagree.
At trial Mr. James Gore testified he was sitting on the right side of the caboose when the car was struck and that he checked the flashers and saw they were blinking after the accident. Plaintiff's attorney then brought out that the witness had stated in his prior deposition that he was seated on the left side of the train and had not checked the flashers. The witness contended that he was mistaken in his deposition. Later, over the plaintiff's objection, the trial court allowed the defendants' attorney to introduce another statement given by Mr. Gore two days after the accident which corresponded to his testimony on these subjects at the trial.
The prior statement was properly admitted. Such statements may be received into evidence to corroborate testimony made at trial after such testimony has been assailed as to a particular fact. LSA-R.S. 15:496; and State v. St. Amand, 274 So.2d 179 (La.1973).
The plaintiff also contends that the trial court erred in refusing to allow witnesses to testify as to other instances when the flashers had not functioned properly, such evidence being offered to rebut the testimony of defendants' expert. The matter of admission of rebuttal evidence is largely within the discretion of the trial judge. Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1 Cir. 1975), writ denied 325 So.2d 279; see also LSA-C. C.P. Articles 1631 and 1632. Aside from the relevancy of the testimony, we do not find that the judge abused his discretion in this instance.
For the above reasons, the judgment of the district court is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, participated as Judge ad hoc in this decision.