KLEES, Judge.
Plaintiff, Stephanie A. Beale, appeals a judgment in favor of Cole’s Construction Company, Nelson Robertson, and Kenneth Smith. A jury found the above defendants free from fault in an accident involving an automobile in which plaintiff was a passenger and a dump truck being operated by defendant Smith. After reviewing the record and applicable law, we affirm as to the liability of defendants and reverse as to the liability of plaintiff.
The dump truck, which was owned by Robertson and driven by his grandson Smith, had been subcontracted by Cole’s in connection with Cole’s contract with the Army Corps of Engineers in relation to a levee enlargement project. At the time of the accident, defendant Smith’s assignment was to move mud from a burrow pit along Highway 39 in Plaquemines Parish to a dumping site further down the highway.
On February 13, 1989, plaintiff was a passenger in the automobile owned by her and driven by her date, Lynn Carr. Plaintiff stated that defendant’s truck was traveling in front of her car on Highway 39 at a low rate of speed. Plaintiff testified that as Mr. Carr drove into the left lane to pass, the truck turned left with “no turning signal [or] brake lights,” and the vehicles collided. Plaintiff stated that only after the accident did she see defendant’s turn signal activated.
According to plaintiff, Mr. Carr unsuccessfully attempted to avoid the collision by applying the brakes and turning the steering wheel. Plaintiff does not know whether Mr. Carr used his turn signal when attempting to pass.
Mr. Smith contends that he activated his turn signal and checked his rearview mirror before turning off the highway onto the dump site. Mr. Smith stated that he was already straightening the wheels of his vehicle following his turn when the vehicles collided.
Mr. Nolan Lebouef, another truck driver, witnessed the accident as he was dumping a load of mud. Mr. Lebouef testified that Mr. Smith did engage his turn signal before turning. According to Mr. Lebouef, the car appeared to be travelling at a speed greater than the fifty-five miles per hour legal limit. Mr. Lebouef stated that the car came off the road as the truck turned and he hollered, “He’s going to hit the dump truck.”
Mr. Alexis Duplesis, a job superintendent for Cole’s Construction who was standing near Mr. Lebouef, testified that he also believed that the car was travelling at a speed in excess of the legal limit, but he did not witness the impact. In addition, Mr. Duples-is stated that, immediately following the accident, he noticed that the truck’s turn signal was activated.
Police officer Gary Moore testified that, although no skidmarks were found on the road, tire marks were found off the highway. The tire marks, which were about 130 feet long, extended from the shoulder of the road to the point of impact. Moreover, Officer Moore discovered that Mr. Carr’s license had been suspended and that, consequently, Mr. Carr was driving without a license.
Plaintiff argues the following on appeal: 1) that comments made by counsel for Cole’s Construction during opening arguments warranted a mistrial, 2) that the jury erred in not assigning Cole’s Construction a percentage of fault, 3) that the jury erred in assigning plaintiff a percentage of fault, and 4) that the jury erred in not assigning Mr. Smith, the truck driver, a percentage of fault.
In her first assignment of error, plaintiff argues that the trial court erred in not declaring a mistrial after certain comments were made by counsel for Cole’s Construction during opening arguments. The comments are as follows: “The evidence will also show that after this accident happened, guess who Miss Beale sued? Mr. Carr, and she settled with him. Why didn’t [plaintiffs *908 counsel] tell you that just then? Why did he forget to tell you that?”
We agree that the jury’s verdict was probably tainted by the above comments. We will, therefore, set aside the jury’s verdict and make an independent determination of the facts from the record without according any weight whatsoever to the factual findings of the tainted jury. Dye v. Schwegmann Giant Super Markets, Inc., 607 So.2d 564 (La.1992).
In her second assignment of error, plaintiff argues that the jury erred in not assigning Cole’s Construction a percentage of fault. After reviewing the record, we conclude that Cole’s Construction was free from fault in the accident.
Mr. William Love, Jr., contracting inspector for the Army Corps of Engineers, testified that Cole’s Construction provided motorists traveling on Highway 39 with numerous warnings that work was being done in the area. Warning signs were placed 1500 feet, 1000 feet, and 500 feet away from the construction site. Another sign was placed where construction began to warn motorists that construction would continue for six miles. Cole’s also placed a “truck crossing” sign approximately one half of a mile from where construction began, and a “trucks entering highway” sign by the burrow pit. Cones and flag persons were used when trucks entered and exited the burrow pit.
Mr. Love testified, in contrast to plaintiffs assertion, that a flag person was not necessary at the dumping site for Cole’s to operate in a safe manner. According to Mr. Love, the presence of Mr. Duplesis at the site constituted sufficient precaution. Given the above, Cole’s Construction should not be assigned any fault for the accident.
In her third assignment of error, plaintiff argues that the jury erred in finding her to be ten percent at fault. After reviewing the record, we find that plaintiff was free from fault in the accident.
A guest passenger in an automobile has no duty to supervise the driver. Adams v. Security Ins. Co. of Hartford, 543 So.2d 480, 485 (La.1989). Although some cases have stated that a passenger may be at fault for failing to protest excessive speed, in the ordinary situation a passenger is at the mercy of his driver. Id. Unless there is some other basis for liability, a passenger is entitled to entrust his safety to the driver. Id. at 486. In the present case, the record does not support a finding of fault on the part of plaintiff.
Plaintiff was not at fault for allowing an unlicensed driver to operate her vehicle. A passenger who allows an unlicensed driver to drive is not necessarily negligent. See Faulk v. Champagne, 590 So.2d 683, 685 (La.App.3d Cir.1991); Loveday v. Travelers Ins. Co., 585 So.2d 597, 600 (La.App.3d Cir.1991), writ denied, 590 So.2d 65 (La.1991). In the instant case, plaintiff was unaware that Mr. Carr’s license had been suspended. Furthermore, plaintiff was under no duty to ask her adult companion whether he had a valid license. To impose such a duty upon passengers would be unreasonable and unrealistic. Mr. Carr drove without incident on previous occasions with plaintiff and plaintiff had no reason to believe that Mr. Carr should not be driving.
Cole’s Construction asserts that the plaintiff may have been at fault for retrieving and playing a cassette tape shortly before the accident. Nothing in the record suggests, however, that Mr. Carr was distracted by plaintiffs actions. Given the above, plaintiff should not be assigned any fault for the accident.
In her final assignment of error, plaintiff asserts that the jury erred in not finding fault on the part of truck driver Kenneth Smith. After reviewing the record, we conclude that Kenneth Smith was free from fault.
Mr. Smith testified that he activated his turn signal and checked his rearview mirror before turning. Mr. Lebouef corroborated Mr. Smith’s testimony by stating that he saw Mr. Smith’s turn signal activated before the accident. Moreover, Mr. Carr was apparently travelling at an excessive rate of speed. The car’s speed and unusual path were made clear by the tire marks which extended off the highway for over forty yards. Given the *909 above, Mr. Smith should not be assigned any fault for the accident.
For the reasons given, the judgment of the trial court assessing liability is reversed in part and liability is reallocated as follows: None to plaintiff, none to defendants, and 100% to Mr. Lynn Carr.
AFFIRMED IN PART; REVERSED IN PART.