718 So.2d 592 (1998)
Deborah Roger, wife of/and Robert ROGER, Sr.
v.
Korey J. DUFRENE, State Farm Mutual Automobile Insurance Company and Prudential Property and Casualty Insurance Company.
No. 97-CA-1946.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1998.
*594 Weeks, Kavanagh & Rendeiro, David Kavanagh, B. Gerald Weeks, Gino J. Rendeiro, New Orleans, for Plaintiffs-Appellants Deborah Roger, wife of/and Robert Roger.
Sessions & Fishman, Owen A. Neff, New Orleans, Fernandez & Seeman, G. Frederick Seeman, Lafayette, for Defendant-Appellee Crewboats, Inc.
Hailey, McNamara, Hall, Larmann & Papale, Michael P. Mentz, Metairie, for Defendant-Appellee Penn-America Insurance Company.
Lobman, Carnahan, Batt & Angelle, Edward P. Lobman, New Orleans, for Defendant-Appellant State Farm Mutual Automobile Ins. Co.
Before KLEES, LOBRANO and LANDRIEU, JJ.
KLEES, Judge.
Plaintiff motorists involved in an automobile accident sued defendant driver, driver's employer, and the employer's respective insurers alleging that driver was acting within the course and scope of his employment at the time of the accident. Following a jury trial, judgment was rendered in favor of defendants, Crewboats, Inc. and its respective insurers, dismissing plaintiffs' suit against them. Plaintiffs, Deborah and Robert Roger, now appeal from this judgment asserting that the jury verdict was tainted by improper jury instructions, evidentiary rulings, and improper remarks made by counsel. We find no legal errors that would require reversal of the jury's verdict. We hold find that the evidence presented supports the jury's verdict and affirm the trial court's judgment.

FACTS
This case arose from a two-vehicle accident that took place on December 11, 1984, between plaintiffs, Deborah and Robert Roger, and Korey Dufrene. On the date of the accident, Mr. Dufrene was employed as a boat captain for Crewboats, Inc. The vessel which Mr. Dufrene was to pilot was under repair and unavailable when he arrived to work at approximately 12:00 noon. Mr. Dufrene then left Crewboats' premises to get something to eat at a restaurant about two blocks away. It was upon leaving the restaurant that the accident, which forms the basis of this lawsuit, occurred.
Mr. Dufrene, who was driving his personal vehicle, admitted some fault for the accident and received a citation. Because plaintiffs settled with Mr. Dufrene, his automobile liability insurer and their own uninsured motorist carrier prior to the trial, the main issue at trial was whether or not Mr. Dufrene was acting in the course and scope of his employment at the time of the accident. Such a factual finding was necessary in order to find the remaining defendants, Crewboats and its respective insurers, liable.

PROCEDURAL HISTORY
Plaintiffs filed the instant suit in 1985 against Korey Dufrene, his liability insurer, State Farm Insurance, and the Rogers' UM carrier. Plaintiffs then amended their original petition to add Crewboats, State Farm Mutual Automobile Insurance Company, as the alleged liability carrier of Crewboats, and Penn American Insurance Company, as the excess liability insurer of Crewboats, alleging that Dufrene was acting in the course and scope of his employment at the time of the accident.
During initial trial court proceedings, Crewboats filed a motion for summary judgment as to plaintiffs' claims, arguing that Mr. Dufrene was not acting in the course and scope of his employment at the time of the accident. The trial court granted that motion and the Rogers appealed. This Court then reversed that judgment and held that summary judgment was erroneously granted. This Court found that whether Mr. Dufrene was in the course and scope of his employment at the time of the accident presented a genuine issue of material fact which could not be resolved by summary judgment. The case was remanded to the trial court for trial. Roger v. Dufrene, 553 So.2d 1106 (La.App. 4 Cir.1989), writ denied, 559 So.2d 1358 (La. 1990).
Having settled with Mr. Dufrene, his insurer, and their UM carrier, the Rogers tried their case against Crewboats and its insurers *595 before a jury. The jury returned a verdict in favor of defendants finding that Mr. Dufrene was not acting in the course and scope of his employment. The Rogers filed a motion for a new trial, and in the alternative, for a judgment notwithstanding the verdict, which were denied. Plaintiffs then filed this appeal.

STANDARD OF REVIEW
An appellate court cannot reverse a lower court's ruling in absence of manifest error. The reviewing court must always keep in mind that if a trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeals may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073, 1077 (citing Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993)). Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Ambrose v. New Orleans Police Dep't Ambulance Serv., 93-3099 (La.7/5/94), 639 So.2d 216, 220.
Plaintiffs argue, however, that errors made at the trial level were legal errors which would require us to abandon the above standard of review and employ a de novo review. When a legal error is made, the appellate court will set aside the jury's verdict and make an independent determination of the facts from the record without according any weight whatsoever to the factual findings of the tainted jury. Beale v. Gov't Employees Ins. Co., 630 So.2d 906 (La. App. 4 Cir.1993), writ not considered, 94-0297 (La.3/25/94), 635 So.2d 238 (citing Dye v. Schwegmann Giant Super Markets, Inc., 607 So.2d 564 (La.1992)).
Appellants raise five assignments of error to support their argument that an independent determination of the facts and issues is warranted by this Court. We will address each of these assignments in order to determine if a de novo review is required in this case.

ISSUES
Plaintiffs raise the following issues on appeal:
1) whether defense counsel prejudiced the jury by stating in the opening statement that plaintiffs had settled with Korey Dufrene and his liability insurer,
2) whether Korey Dufrene's original deposition was admissible to rebut other inconsistent statements,
3) whether the trial court erred in instructing the jury that employers must be able to prevent the act which caused the damage,
4) whether the trial court erred in admitting a copy of a boat log into evidence,
and
5) whether this Court's statement of undisputed facts in the reversal of the summary judgment must be preserved.

Statements Made in Opening Arguments
In their first assignment of error, plaintiffs argue that defense counsel violated La. C.E. art. 408, as well as the direct order of the trial court, by mentioning the settlement between plaintiffs and Mr. Dufrene. Defendants argue that the statements made by defense counsel in their opening statement regarding the status of Mr. Dufrene, and his automobile liability insurer, were necessary to correct confusion created by plaintiffs' counsel and were not prejudicial to plaintiffs.
La. C.E. art. 408 provides that the acceptance or offering of a settlement is not admissible to prove liability. In support of their position that defense counsel violated this evidentiary rule, plaintiffs cite Beale v. Government Employees Insurance Co., 630 So.2d 906 (La.App. 4 Cir.1993), writ not considered, 94-0297 (La.3/25/94), 635 So.2d 238. Defense counsel commented to the jury in that case, "The evidence will also show that after this accident happened, guess who Miss Beale sued? Mr. Carr, and she settled with him. Why didn't [plaintiff's counsel] tell you that just then? Why did he forget to tell you that?" Id. at 907-08. Based on the probability that the jury's verdict was tainted by these comments, this Court set aside that *596 jury's verdict and made an independent determination of the facts from the record. Id.
In the instant case, however, the remarks of defense counsel in opening statement are clearly distinguishable from those made in Beale. Owen Neff, counsel for Crewboats and State Farm simply stated that Mr. Dufrene and his liability insurer, State Farm, had settled with the Rogers prior to trial. Counsel for plaintiffs objected, and the trial court instructed defense counsel not to mention the settlement. Defense counsel then stated, "[t]o continue ladies and gentlemen, that the claims against Korey Dufrene and State Farm as his insurer have been settled." While these comments were inappropriate, comments made in Beale were far more inflammatory and were uttered in the context of a case where there was a serious dispute as to fault. There was no dispute that Mr. Dufrene was primarily at fault in the present case; rather, the dispute centered on whether Mr. Dufrene was acting in the course and scope of his employment at the time of the accident.
Further, we find that the judge cured any possible prejudice or misunderstanding in this case by explaining to the jury that they were to ignore and not consider the fact that Mr. Dufrene or anyone else was no longer a party to the action. At the end of the trial, the judge told the jury again to disregard the fact that Mr. Dufrene or anyone else settled and was no longer a party to the action. The judge charged the jury with the following:
I instruct you not to consider why someone is no longer in this suit. Certain matters or questions of law which I alone must decide and I will decide, findings after you've made your findings of fact. You do not consider whether or not a party is or is not a party and take no consideration of them being in the lawsuit or not being in the lawsuit.
We find that the trial court's admonitions to the jury were sufficient to overcome any prejudicial effect which may have resulted from defense counsel's statements.
Similarly, in Barnes v. Thames, 578 So.2d 1155, 1161 (La.App.1Cir.1991), writ denied, 577 So.2d 1009 (La.1991), the court found that the trial judge did not abuse his discretion in refusing to grant a motion for mistrial following defense counsel's comments to the jury regarding another party's pre-trial settlement. The trial judge had instructed the jury to disregard and not consider any reference to a settlement by counsel, and the court determined that the instruction "was a sufficient remedy to overcome any prejudicial effect on the jury." Id.
La. C.E. art. 103 states that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. The proper inquiry for determining whether a party was prejudiced by a trial court's alleged erroneous ruling is whether the alleged error, when compared to the entire record, had a "substantial effect" on the outcome of the case. See Cash v. K.C.I. Const., Inc., 95-1083 (La.App. 5 Cir. 5/15/96), 675 So.2d 297, 301, writ denied, 96-1811 (La.10/25/96), 681 So.2d 369.
Based on our review of the record, we find that any reference to the settlement between the Rogers and Mr. Dufrene did not have a substantial effect on the outcome of the case. We believe that it did not alter the jury's final decision with regard to the course and scope of Mr. Dufrene's employment. This assignment of error has no merit.

Admission of 1986 Deposition
During the discovery phase of litigation, Korey Dufrene gave two depositions. In his first deposition, taken in 1986, Mr. Dufrene testified that he arrived on Crewboats' premises around noon, checked into work by signing the Crewboats' log, and was "on the clock" while waiting on standby for the boat to be ready. Mr. Dufrene further testified that while on standby, he went to a nearby restaurant for lunch, during which time the accident occurred.
After the Dufrene 1986 deposition had been taken, plaintiffs settled their claims with Mr. Dufrene and State Farm. Plaintiffs then amended their original petition to add Crewboats, and its insurers, as parties defendants, based on the allegation that Mr. Dufrene was acting in the course and scope of employment at the time of the accident. Accordingly, *597 these new parties took a second Dufrene deposition in 1991. In that deposition, Mr. Dufrene testified that he was not on the clock for Crewboats before the accident because he did not log in to work until the vessel was ready to go.
During the actual trial, however, the record shows that Mr. Dufrene testified, in accordance with his first deposition in 1986, that he arrived at Crewboats between noon and 1:00 p.m. and signed the Crewboats' vessel log upon his arrival, thereby going on duty.
During cross-examination, defendants used Mr. Dufrene's 1991 deposition to impeach him at trial, and argued to the jury that Mr. Dufrene's trial testimony was different than earlier. On redirect, plaintiffs attempted to introduce Mr. Dufrene's 1986 deposition to rehabilitate his trial testimony by showing that it was consistent with his original sworn testimony. At that point, defendants objected citing La.Code Civ. Proc. art. 1450, which states in pertinent part:
A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions.
Plaintiffs' argument that Article 1450 only pertains to instances where the witness is not present to testify at trial is erroneous. Article 1450(1) provides that any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of a deponent as a witness. In Streeter v. Sears, Roebuck and Co., 533 So.2d 54, 60 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1255 (La.1989), the court stated that Article 1450 expressly provides for the admissibility of a deposition to impeach a deponent's credibility at trial. In that case, the court allowed the defendant to use a pre-trial deposition of a witness to impeach that witness who was present and testifying at trial. Id.
We find that Mr. Dufrene's original deposition was properly declared inadmissible under La.Code Civ. Proc. art. 1450, as none of the defendants against whom the case was tried were present at Mr. Dufrene's 1986 deposition testimony and because course and scope of employment was not an issue when Mr. Dufrene was deposed in 1986. In addition, as Mr. Dufrene's trial testimony was similar to his 1986 deposition testimony, the jury already had an opportunity to hear the same testimony that would have been brought out with the deposition. The plaintiffs were given the opportunity to re-direct Mr. Dufrene to clear any inconsistencies that were brought out during his testimony. Thus, we find no prejudice to plaintiffs by the failure to admit the 1986 deposition.
Plaintiffs cite Baltzar v. Missouri Pacific Railroad, 406 So.2d 324 (La.App. 3 Cir.1981), a case in which the appellate court held that a party was entitled to rehabilitate a witness's trial testimony by using a prior consistent statement given closer in time to the accident than a later inconsistent statement. Baltzar is distinguishable, though, from the instant case, in that it dealt with only one deposition used to impeach a witness and all parties were present and represented at the taking of the deposition and had the opportunity to cross-examine the deponent. The facts in Baltzar are not similar to the case at hand; thus, Baltzar is inapplicable.
Accordingly, we find that the trial judge did not commit error when he refused to permit the 1986 deposition of Mr. Dufrene to be admitted into evidence.

Jury Instructions
Plaintiffs next urge that the trial court erred in instructing the jury, and permitting argument during the trial, regarding the Louisiana law of employer liability.
When deciding whether an error in a jury instruction constitutes reversible error, an appellate court must determine if there was a likelihood that the erroneous instruction probably contributed to the jury verdict. Regional Transit Auth. v. Lemoine, 93-1896 (La.App. 4 Cir. 11/16/95), 664 So.2d 1303, 1308, writ denied, 96-0412 (La.3/29/96), 670 So.2d 1234. While we agree that instructions *598 given by the trial judge were erroneous, we find that the erroneous instruction did not contribute to the verdict as the jury did not reach the issue of employer liability.
At trial, plaintiffs objected to the trial court's reading of the entire text of La. Civ. Code art. 2320 to the jurors, arguing that the third paragraph of that article had been "read out" by the jurisprudence, and replaced with the factorial analysis of "course and scope of employment."
Louisiana courts have recognized that the third paragraph of art. 2320 is not to be strictly applied to respondeat superior cases. That provision states as follows:
In the above cases, responsibility only attaches, when the masters or employers, teachers or artisans, might have prevented the act which caused the damage, and have not done it.
In Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (La.1968), the Louisiana Supreme Court explained:
Louisiana jurisprudence has not interpreted this restriction [of Article 2320] literally, and the demands of modern commerce and the needs of society would not permit such a stringent and severe limitation of the liability of a master for his servant. However, by inquiring into the overall relationship of the parties and the element of control, our jurisprudence has established reasonable definitions and limitations of vicarious liability to replace the literal codal restriction which has fallen into desuetude. (Citations omitted.) It is the right of control of the time and physical activities in the other party and the existence of a close relationship between the parties which determine that one is a servant.
Plaintiffs wanted the trial court to read instructions to the jury, stating that whether an employee is within the course and scope of his employment is a question that is only answerable by general rules, because of the unending contexts in which the question may arise, citing Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 226. These general rules include a list of factors developed by Louisiana courts for triers of fact to consider in determining whether the employee was acting in the course and scope of his employment. Orgeron v. McDonald, 639 So.2d at 227.
While the trial judge did not read the entire list of factors set forth in the Orgeron case verbatim, he did read an instruction that was almost identical to that which was requested by plaintiffs. In addition, the court read the following statement, with which the plaintiffs' counsel asked the court to charge the jury: "[a]n employer is not vicariously liable for acts of his employee under the doctrine of respondeat superior unless committed within the course and scope of employment or when the servant is in the exercise of the function which it is employed...."
We find that the instructions given to the jury in this case adequately represent the state of Louisiana law on the factors to be utilized in a course and scope of employment analysis. Although we find that the trial court erred in reading the entire text of La. C.C. art. 2320 to the jury, we decline or refuse to find that this error contributed to the verdict in light of the fact that the jury did not reach the issue of employer liability in its deliberations. On the Jury Interrogatories form, the jury answered only the first interrogatory presented to them, finding that Mr. Dufrene was not in the course and scope of his employment at the time that he was involved in the vehicular accident which gave rise to the lawsuit, thereby ending the jury's inquiry. For this reason, the jury was not required to consider the third paragraph of article 2320.
An appellate court must exercise great restraint before overturning a jury verdict on a suggestion that the jury instructions were so erroneous as to be prejudicial. Schlesinger v. Herzog, 95-1127 (La.App. 4 Cir. 4/3/96), 672 So.2d 701, writ denied, 96-1328 (La.10/4/96), 679 So.2d 1381. A jury verdict will not be set aside by reason of incorrect jury instructions absent a showing of prejudice such that the jury was misled to such an extent that it was unable to render a just verdict. Having reviewed the record, we do not believe the jury was misled or confused by the incorrect jury instruction. We find, rather, that because the jury did not *599 reach the issue of employer liability, the erroneous instruction did not contribute to the jury verdict.

Admission of the Boat Log
Plaintiffs next contend that the trial court erred in admitting into evidence an unauthenticated photocopy of the boat log for the vessel, THE HARPER'S FERRY. The record in this case indicates that defendant introduced a copy of the boat log dated December 11, 1984 into evidence as their Exhibit No. 2. The record case also indicates that plaintiffs as their Exhibit No. 5 introduced a copy of the same document into evidence.
Appellants now argue on appeal that defendant's Exhibit No. 2 was improperly admitted by the trial court in violation of the rules of evidence, La. C.E. art. 901 and arts. 1003-1004.
La. C.E. 901 provides in part:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
Appellants further argue that the trial court erred in admitting a duplicate copy of the boat log into evidence in violation of La. C.E. art. 1003, which provides:
A duplicate is admissible to the same extent as an original unless:
(1) A genuine question is raised as to the authenticity of the original;
(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; or
(3) The original is a testament offered for probate, a contract on which the claim or defense is based, or is otherwise closely related to a controlling issue.
Appellants also contend that Crewboats failed to meet its burden of proving the original boat log could not be obtained as required by La.C.E. art. 1004.
At trial, Mr. Dufrene testified that on December 11, 1984, the date of the accident, he signed the logbook which was located on the vessel prior to beginning his piloting duties for Crewboats. At Dufrene's 1991 deposition, Mr. Dufrene identified the log sheet that he filled out on the boat. The log sheet was a photocopy of a Kerr-McGee Oil Company log sheet, and both the log sheet and the pertinent portions of Dufrene's deposition were introduced by defendants at the trial of this matter.
Further, Fred Jirovec, Vice President of Crewboats testified at trial regarding the log books which are kept on Crewboats' vessels. Mr. Jirovec stated that the company policy at Crewboats was that the captain maintain a daily log on the vessel to record each time the vessel is navigated by its pilots. If the oil company, to whom the vessel was chartered, provided the form for that log, then the oil company's form, rather than Crewboats' form, was used for the vessel.
In this case, the vessel was chartered by Kerr-McGee Oil Company and the Kerr-McGee log form was being used on the vessel. Mr. Jirovec testified that as a matter of standard practice, the original and carbon copies of the log are sent to the oil company and a photocopy is retained in the records of Crewboats. Mr. Jirovec identified the exhibit, D-2 as being the photocopy of the log that was found in Crewboats' records. He also testified that the photocopy was the only record of the boat log which was in Crewboats' possession.
We find that the record in this case indicates that the photocopy of the Kerr-McGee boat log was authenticated by the testimony of Mr. Dufrene who testified that the log which was introduced into evidence was the log he completed when he assumed his duties as pilot of the vessel. Although the log was not the original, the testimony at trial indicated that the original was not in the possession of Crewboats because the original and carbon copies were forwarded as a matter of practice to the oil company, Kerr-McGee. Although plaintiffs contend that the original of the document may have differed from the copy, plaintiffs were aware prior to trial that the original was in the possession of Kerr-McGee, yet these documents were not subpoenaed. The testimony presented at trial corroborates the notations made on the log regarding the departure and arrival times of the vessel. We fail to find that plaintiffs *600 have raised a genuine issue as to the authenticity of the original, and we find no error of the trial court in admitting the duplicate copy of the boat log which was submitted by defendant. Plaintiffs' assignment of error is without merit.

Determination of Facts Made by This Court
Plaintiffs' final argument is that this Court made a determination of fact when it decided the issue of summary judgment in 1989. Plaintiffs believe this Court rendered an opinion that recited the undisputed facts and outlined the missing facts which were necessary to determine whether Mr. Dufrene acted in the course and scope of his employment at the time of the accident.
Defendants argue that this Court made no determination of fact when it previously reversed the lower court's granting of a motion for summary judgment in favor of defendants. Defendants contend that several facts were designated as undisputed for the purposes of deciding that summary judgment motion only and, therefore, in no way became "law of the case."
We rendered an earlier opinion on the issue of summary judgment, in which we recited what were undisputed facts at the time and outlined the missing facts that would be necessary to determine whether Mr. Dufrene acted in the course and scope of his employment at the time of the accident. Plaintiffs now argue, however, that those facts, and those facts alone, are the ones that should be accepted. Louisiana law holds, though, that "in determining the genuineness of an issue [on a motion for summary judgment], the courts are not permitted to consider the merits of the facts at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it." Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542, 546 (La.App. 1 Cir.1983).
The "uncontested facts" asserted by plaintiffs on motion by defendants for summary judgment had never been tried by any trier of fact at that time. A court, whether a district court or appellate court, reviewing a motion for summary judgment is prohibited by law from determining or even inquiring into the merits of any factual issues. A motion for summary judgment is not to be used as a substitute for trial on the merits. See, e.g., Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, 436-37, writ denied, 96-2925 (La.1/24/97), 686 So.2d 868.
In our previous opinion, we simply held that material fact issues existed as to whether the employee was acting within the course and scope of his employment at the time of the accident. Roger v. Dufrene, 553 So.2d 1106 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1358 (La.1990). We believe the only "law of the case" which came from the denial of the motion for summary judgment was that there were issues of fact which needed to be decided upon by a jury. This argument is without merit.

CONCLUSION
We conclude, therefore, that there are no legal errors requiring reversal of the jury's verdict or a de novo review by this Court. The appropriate standard is the manifest error rule, and after careful review of the record, we find the evidence presented supports the jury's verdict. Accordingly, for the reasons assigned herein, we affirm the judgment of the trial court.
AFFIRMED.