JUDGE SANDRA CABRINA JENKINS
liDan Freeman appeals the trial court’s November 24, 2015 judgment, rendered after a jury verdict in favor of defendants/appellees Union Carbide Corporation (“Union Carbide”) and Montello, Inc. *440 (“Montello”), dismissing all claims against appellees, with prejudice.
For the reasons that follow, we convert the appeal to an application for supervisory writs, grant the writ application, and affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Between 1974 and 1982, Mr. Freeman worked in the oil field industry. On July 26, 2011, Mr. Freeman filed a “Seaman’s Petition for Damages” against 14 defendants asserting various causes of action arising under state law, general maritime law, and the Jones Act. Mr. Freeman alleged that while he was working on drilling rigs, he was exposed to asbestos drilling mud products that were manufactured and supplied by Union Carbide, and marketed to the oil and gas industry through Mon-tello, Union Carbide’s agent. Mr. Freeman claimed that he had developed “asbestos maladies” as a result of his exposure to the defendants’ asbestos products. On January 31, 2014, Mr. Freeman filed a First Supplemental and Amending Petition for Damages naming 10 additional defendants.
|2By the time of trial in 2015, only two defendants remained, Union Carbide and Montello. A jury trial was held on August 10 through August 20, 2015. At the close of evidence, the jury returned the following verdict:
1. Do you find by a preponderance of the evidence that Dan Freeman has asbestosis:
Yes_No_X_
On November 24, 2015, the trial court signed a “Final Judgment” dismissing all claims against Union Carbide and Montel-lo, with prejudice. Mr. Freeman timely appealed.
DISCUSSION
Jurisdiction
As a threshold matter, we note that we cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Tsegaye v. City of New Orleans, 15-0676, p. 3 (La.App. 4 Cir. 12/18/15), 183 So.3d 705, 710. A valid final judgment must contain “decretal language.” Id. “Decretal language is defined as the portion of a court’s judgment or order that officially states (‘decrees’) what the court is ordering and generally starts with the formula ‘It is hereby ordered, adjudged, and decreed that Jones v. Stewart, 16-0329, p. 5 (La.App. 4 Cir. 10/5/16), 203 So.3d 384, 387, 2016 WL 5819246, at *5 (internal quotations omitted). Without the requisite de-cretal language, a judgment is not appeal-able. Tsegaye, 15-0676, p. 3 183 So.3d at 710. Importantly, the decretal language “ ‘must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.’” Id. (quoting Bd. of Supervisors of La. State Univ. v. Mid City Holdings, L.L.C., 14-0506, p. 3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910).
Here, the decree in the judgment states as follows:
LIT IS ORDERED, ADJUDGED, AND DECREED that all claims asserted against Union Carbide Corporation and Montello, Inc. are dismissed with prejudice.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the dismissal of all claims against Union Carbide Corporation and Montello, Inc. with full prejudice constitutes a final judgment as contemplated by Louisiana Code of Civil Procedure article 1916, there being no just reason for delay.
*441 Although the judgment names “the partfies] in favor of whom the ruling is ordered” — Union Carbide and Montello— it does not name “the party against whom the ruling is ordered.” And although the decree states that it is a “final judgment,” this language is insufficient to render this particular judgment appealable in the absence of the necessary decretal language. See Tsegaye, 15-0676, pp. 5-6, 183 So.3d at 711.
Accordingly, we find that we do not have appellate jurisdiction to review this judgment.
In certain cases, however, when confronted with the lack of appellate jurisdiction, we have converted the party’s appeal to an application for supervisory writs. This court has converted appeals of non-appealable judgments to applications for supervisory writs in cases in which the appeals were filed within the 30-day period allowed for the filing of applications for supervisory review. See, e.g., In re Medical Review Panel of Dischelle Williams, Tutrix for Dan’esia Williams v. EMSA La., Inc., 15-1178 (La.App. 4 Cir. 10/21/16), 203 So.3d 419, 2016 WL 6135367. This is such a case. Accordingly, we convert this appeal to an application for supervisory writs and grant the writ application.
|4We now address the merits of this appeal. Mr. Freeman lists four assignments of error, all of which relate to evi-dentiary rulings by the district court during the jury trial.
Standard of Review
A trial court is granted broad discretion in its rulings on evidentiary issues which will not be disturbed on appeal absent a clear abuse of that discretion. Bayou Fleet, Inc. v. Bollinger Shipyards, Inc., 15-0487, 15-0702 (La. App. 4 Cir. 7/21/16), 197 So.3d 797, 806. Mr. Freeman contends that errors in the trial court’s evidentiary rulings were legal error which tainted the jury’s verdict, and which would require us to employ a de novo standard of review. “When a legal error is made, the appellate court will set aside the jury’s verdict and make an independent determination of the facts from the record without according any weight whatsoever to the factual findings of the tainted jury.” Roger v. Dufrene, 97-1946, pp. 3-4 (La.App. 4 Cir. 9/9/98), 718 So.2d 592, 595.
Assignment of Error No. 1: The Trial Court Erred in Admitting Into Evidence a Newspaper Advertisement by Mr. Freeman’s Attorneys.
At trial, the court allowed defense counsel to admit into evidence a color newspaper advertisement by Mr. Freeman’s counsel, The Young Firm. The advertisement was directed at “Oil Rig and Oil Field Workers from 1965-1985,” and urged them to contact The Young Firm to obtain a “free medical screening” for cancer caused by exposure to asbestos in drilling mud from oil and gas fields.
Mr. Freeman argues that this lawyer advertisement is irrelevant and extremely prejudicial. According to Mr. Freeman, the circumstances under which a plaintiff employs his attorneys are neither relevant nor probative. Mr. Freeman [Balso contends that defense counsel should not have been allowed to “intimate that Plaintiffs lawsuit was generated or caused by Plaintiff counsel.”
Under Louisiana Code of Evidence Article 103, error may not be predicated upon a ruling which admits evidence unless a substantial right of the party is affected. Roger, 97-1946, p. 6, 718 So.2d at 596. “The proper inquiry for determining whether a party was prejudiced by a trial court’s alleged erroneous ruling is whether the alleged error, when compared to the entire record, had a ‘substantial effect’ on the outcome of the case.” Id. The party alleging prejudice from the trial court’s *442 evidentiary ruling bears the burden of proof. Thomas v. A.P. Green Indus., Inc., 05-1064, p. 32 (La.App. 4 Cir. 5/31/06), 933 So.2d 843, 865.
Based on our review of the record, we find that the admission into evidence of the lawyer’s advertisement did not have a substantial effect on the outcome of this case because the jury ultimately decided that Mr. Freeman did not, in fact, have asbestosis. The circumstances under which Mr. Freeman might have retained his attorneys are irrelevant as to the reason why the jury found no liability. This assignment of error has no merit.
Assignment of Error No. 2: The Trial Court Erred in Admitting Into Evidence Correspondence Between Mr. Freeman and His Attorneys.
At trial, the court allowed defense counsel to introduce into evidence a letter dated August 16, 2010 to Mr. Freeman from “Porter & Malouf, P.A.,” “Richard B. Schwartz & Associates, P.A.,” and “Timothy J. Young, of The Young Firm.” The text of the letter is as follows:
RE: Test Results
Dear Mr. Freeman:
| fjPlease find enclosed a copy of the radiology report from the x-ray and testing done to determine whether or not you suffer from an asbestos/silica related lung disease. I regret to inform you that the results are positive and that you have been diagnosed with an asbestos related lung disease.
The doctor reading the x-ray suggests that you see your treating physician. Please take this report to your treating physician and have him review it. After you have seen your treating doctor, please give me a call. The purpose of this letter is not to alarm you, but to inform you of the findings.
If you have any questions about the diagnosis or the claims process, do not hesitate to contact our office.
Again, we thank you for calling the Asbestos Help Center.
Mr. Freeman contends that the trial court erred in allowing the introduction of this letter into evidence because it is protected from disclosure by the attorney-client privilege.
Under the Louisiana Code of Evidence, “A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client.” La. Code Evid. art. 506(B). The attorney-client privilege, however, can be waived. State v. Schmitt, 354 So.2d 1339, 1342 (La. 1978).
The August 16, 2010 letter to Mr. Freeman states, “Please take this report to your treating physician and have him review it.” The record shows that this letter and the attached radiology report were sent to two physicians, and that Mr. Freeman introduced this letter into evidence at trial as part of the medical records of those physicians. We find that Mr. Freeman’s introduction of this letter into evidence constitutes waiver of any attorney-client privilege. Smith v. Kavanaugh, Pierson & Talley, 513 So.2d 1138, 1147 (La. 1987) (client who chooses to use communications with attorney at trial waives the attorney-client privilege with respect to those communications); Robinson v. Abraham, 582 So.2d 1341, 1344 (La. App. 4th Cir. 1991). This assignment of error lacks merit.
Assignment of Error No. 3: The Trial Court Erred in Allowing Defense Counsel to Refer to “Drive-By Screenings” and Publish to the Jury a Color Photograph of the Warshaw Chiropractic Clinic That Was Not Admitted Into Evidence.
At trial, Mr. Freeman was asked by his attorney how he came to be concerned *443 about possible asbestos exposure. Mr. Freeman testified that after he saw the lawyer advertisement in the newspaper he called The Young Firm and was sent to the Warshaw Chiropractic Clinic (“War-shaw Clinic”) in Vidalia, Louisiana for a chest x-ray, which was taken on July 1, 2010. After the screening at the Warshaw Clinic, Mr. Freeman received the August 16, 2010 letter from The Young Firm informing him that he had been “diagnosed with an asbestos related lung disease.”
At trial, Mr. Freeman’s medical expert, Dr. Steven Haber, testified that 40% of his work comes from Mr. Freeman’s lawyers, who send him large batches of x-rays, as many as 70 at a time. Dr. Haber testified about a report that he had written in 2007 in which he criticized asbestos screenings, which he described as “so-called ‘drive-by’ screenings, conducted by, or on behalf of attorneys for litigation, [which] have given medical screenings a bad name.” Dr. Haber also criticized “drive-by screenings” for their “lack of safety controls” and “financial incentives toward bias.” Dr. Haber admitted that Mr. Freeman’s history — being referred by his lawyers for a chest x-ray taken at the Warshaw Clinic — followed by a letter from his lawyers stating that he had been diagnosed with asbestos-related disease — would “possibly” be a “drive-by screening.”
| ^Following the close of evidence, the parties presented their closing arguments to the jury. During defense counsel’s closing argument, counsel used the term taken from Dr. Haber’s trial testimony, referring to Mr. Freeman’s x-ray screening at the Warshaw Clinic as a “drive-by screening.” As a demonstrative aid in a PowerPoint presentation, defense counsel showed the jury a photograph of the Warshaw Clinic where Mr. Freeman was screened. The image of the Warshaw Clinic was not introduced into evidence.
Given that Mr. Freeman’s own expert testified at length about “drive-by screenings,” we find that Mr. Freeman has failed to satisfy his burden of proving that, compared with the record as a whole, any alleged error in allowing defense counsel to refer “drive-by screenings” had a substantial effect on the outcome of his case. See Thomas, 05-1064, p. 33, 933 So.2d at 865. Moreover, we note that the trial court instructed the jury that “the arguments that the lawyers will make to you in opening and closing statements aren’t evidence. Your decision on the facts must be based on the testimony and the evidence you hear and see.” We find that the trial court’s admonitions to the jury were sufficient to overcome any prejudicial effect that may have resulted from defense counsel’s statements. Roger, 97-1946, p. 6, 718 So.2d at 596. We also find that Mr. Freeman waived any objection to the alleged impropriety of defense counsel’s remarks by failing to object. Griffin v. Tenneco Oil Co., 625 So.2d 1090, 1095 (La. App. 4th Cir. 1993).
As for the photograph of the Warshaw Clinic, in addition to our finding that Mr. Freeman waived any objection to this photo, we agree with the reasoning of the First Circuit that “[i]t is within the discretion of the trial court to permit counsel to illustrate his or her remarks to the jury with reasonable demonstrative aids ... as long as such aids are relevant, and are not unduly inflammatory, misleading or |9prejudicial.” Schwamb v. Delta Air Lines, Inc., 516 So.2d 452, 464 (La. App. 1st Cir. 1987). See also Alfonso v. Piccadilly Cafeteria, Inc., 95-279, p. 3 (La.App. 5 Cir. 11/28/95), 665 So.2d 589, 593 (trial court did not err in publishing to the jury, without introduction into evidence, a bag of coins and currency as a demonstrative aid where plaintiffs did not show it prejudiced their case). We find that the photograph of *444 the Warshaw Clinic, where Mr, Freeman had a chest x-ray which led to his initial diagnosis of asbestos-related lung disease, was relevant and not prejudicial.
This assignment of error is without merit.
Assignment of Error No. 4: The Trial Court Erred in Allowing Defense Counsel to Publish to the Jury a Copy of the “Seaman’s Petition for Damages” That Was Not Admitted Into Evidence.
Mr. Freeman argues that an image of his Seaman’s Petition for Damages should not have been shown to the jury during closing arguments because the Petition was not admitted into evidence, and was prejudicial. We note, again, that Mr. Freeman failed to object, which constitutes waiver. See Griffin, 625 So.2d at 1095. We also find that the jury’s brief observation of an image of Mr. Freeman’s own Petition for Damages was not prejudicial to the outcome of his case.
This final assignment of error has no merit.
CONCLUSION
Although the trial court’s November 24, 2015 judgment lacks the necessary decre-tal language to confer appellate jurisdiction, we convert the appeal to an application for supervisory writs, and grant the writ. Based on our review of the record, we find that Mr. Freeman has not satisfied his burden of proving that the |intrial court’s evidentiary rulings substantially affected the outcome of his case to such an extent that we would be required to conduct a de novo review of the appellate record, and vacate the jury’s verdict in favor of appellees. Accordingly, we affirm the trial court’s November 24, 2015 judgment.
APPEAL CONVERTED TO WRIT, WRIT GRANTED, AFFIRMED
BONIN, J., CONCURS IN THE RESULTS ONLY