PAUL A. BONIN, Judge.
hBaker Ready Mix, LLC obtained a money judgment against Crown Roofing Services, LLC, but, following collection efforts, learned that Crown Roofing was unr able to satisfy its debt. Baker then sued several other business entities, alleging that they constituted a single business enterprise along with Crown Roofing. Shortly before his retirement, the initial trial judge granted summary judgment in favor of the business entities and against Baker. The summary judgment, however, did not contain any decretal language dismissing with prejudice Baker’s lawsuit against the several other entities.
Here, Baker complains that the initial trial judge erred, first, in failing to afford it an opportunity to complete essential discovery in support of its allegations, and second, in concluding that there were, no genuine issues of material fact which precluded summary judgment. Baker also complains that the successor judge erred in refusing to consider Baker’s motion for new trial.
| ¡(Without any prompting by the parties, we issued a rule to show cause why the appeal should not be dismissed because the summary judgment in the absence of the requisite decretal language, did not constitute a final appealable judgment.[1] All parties responded and conceded that the appeal should be dismissed. We accordingly dismiss the appeal. See Delta Staff Ceasing, LLC v. South Coast Solar, LLC, 14-1328 (La.App. 4 Cir.9/23/15), 176 So.3d 668.
Both parties, however, urged us to consider converting'the'appeal to an application' for -supervisory writs. We decline to. exercise our discretion "to convert the appeal to a supervisory writ application primarily because the first issue'Baker raises is one of discretion by the trial judge and reviewed by us not under the dé novo standard by which we review - summary judgments but under an abuse-of-discretion standard. And, despite the right of a non-prevailing party to first apply in the trial court to have a judgment modified, we find that the successor judge incorrectly rejected reconsideration of that decision out-of-hand and as a matter of policy or practice and not of discretion.
We thus remand the matter to the district court for further proceedings and explain our decision below in more detail.
I
Baker’s money judgment against Crown Roofing was for $185,375.74. After conducting discovery in connection with a judgment débtor rule, see La. C.C.P. art. 2451 A, it apparently became obvious to Baker that it would not be able |sto collect its judgment from Crown Roofing. Baker then, iri January 2014, sued several business entities, alleging they constituted a *624 single business enterprise with Crown Roofing. See Green v. Champion Insurance Company, 577 So.2d 249 (La.App. 1st Cir.1991); In re New Orleans Train Car Leakage Fire Litigation, 96-1677 (La.App: 4 Cir. 3/5/97), 690 So.2d 255. Those entities are designated as appellees: Crown Architectural Metal Company, LLC; Three R’s Properties, LLC; Crown Group, LLC; and the Crown Scholarship Foundation. Baker also named as defendants two individuals: Ray Palmer, also designated as an appellee, and R.D. Chatmon.[2] The claim against them was to pierce the corporate veil or claim alter ego status. See ORX Resources, Inc. v. MBW Exploration, L.L.C., 09-0662, 09-0859 (La.App. 4 Cir. 2/10/10), 32 So.3d 931; The New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey, 09-1433 (La.App. 4 Cir.5/26/10), 40 So.3d 394.
About nine months after the lawsuit was filed and about two years after the judgment debtor proceedings, the defendants filed a motion for summary judgment on the claims alleged in Baker’s Amended Petition. Initially a hearing was set but, at the request of Baker, it was continued until September 18, 2014. Before the rescheduled hearing date, Baker filed an opposition to the motion of summary judgment, arguing that the motion for summary judgment was premature because it needed to do additional discovery. The hearing on the motion for summary judgment was postponed until September 26, 2014. On that day and only a few hours before to the scheduled hearing, Baker propounded Interrogatories and a Request for Production of Document directed to the defendants.
The initial trial judge proceeded with the hearing on the defendant’s Motion |4for Summary Judgment. He took the matter under advisement. He did not issue his written ruling granting the motion until December 15, 2014, about two weeks before the end of his term in office. Notably, the judgment did not provide for the dismissal with prejudice of Baker’s lawsuit against the moving defendants.
Before the initial trial judge’s departure from the bench, Baker requested written reasons for judgment and also filed a motion for new trial. Cf. Magallanes v. Norfolk Southern Ry. Co., 09-0605, p. 3 (La.App. 4 Cir. 10/14/09), 23 So.3d 985, 988 (“We have previously held that the motion for. new trial pursuant to La. C.C.P. art. 1974 applies only to final judgments.”) (emphasis in original), citing to Carter v. Rhea, 01-0234, p. 4 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025. And there is no question that the judgment rendered by the initial trial judge is a final judgment. See La.C.C.P. arts. 968, 1915 A(3).[3] But, due to delays occasioned by the recu-sal of the initial trial judge’s replacement, some time passed before the successor trial judge was in place and available to rule upon Baker’s pending motions.
The successor trial judge, however, describing what she characterized as her philosophy in reviewing or revisiting the rulings of predecessor trial judges, stated “I don’t review them, I let you take them up and I deny them.” She further elaborated that “I deny motions for new trial, even those that may sound in good law and/or procedural, whatever, it’s just my rule.” Even when Baker’s counsel ^suggested that La. R.S. 13:4209[4] provided for her *625 review of the initial trial judge’s ruling, she responded by stating that she “never” reviews another district judge’s rulings. She then denied the motion for new trial.'
II
We now briefly explain why we deeide in our discretion not to exercise our supervisory jurisdiction. See La. C.C.P. art. 2201; see also Livingston Downs Racing Ass’n, Inc. v. La. State Racing Comm’n, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216. (“[T]he difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right”).
It is in connection with rulings denying motions for summary judgment that we typically receive applications seeking the exercise of our supervisory jurisdiction or review because the denial of a motion for summary judgment is an interlocutory judgment from which an appeal does not lie. See La. C.C.P. art. |fi968.[5] And it is just such cases that we will evaluate the pending application under the Herlitz factors. See Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). Those factors are (1) the (interlocutory) ruling is arguably incorrect; (2) a reversal will terminate the litigation, and, equally important, (3) there is no dispute of fact to be resolved. See id. This is because “judicial efficiency and fundamental fairness to the litigants, dictates that the merits be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.” Id.[6]
In the usual application seeking supervisory review of the denial of a motion for summary judgment there is only one issue to be resolved, which issue is whether the trial judge was legally incorrect in denying summary judgment. And we review that sole issue under the de novo standard of review, which is without any deference whatsoever to the trial judge’s *626 ruling. See Rapalo-Alfaro v. Lee, 15-0209, p. 8 (La.App. 4 Cir. 8/12/15), 173 So.3d 1174, 1179. Such a ruling by the trial judge can be subjected appropriately to evaluation under the Herlitz factors.
Here, however, this matter deviates from a single issue 'de novo decision; and we do not find it prudent to exercise our supervisory jurisdiction at this time. The presént case involves an additional circumstance that we find the trial court is in a better position to first reconsider. In addition to deciding whether there is no genuine issue of material fact making summary judgment appropriate, as decided |7by the initial trial judge, there is an issue as to whether the plaintiff had adequate time for discovery before the rendition of summary judgment. See La. C.C.P. art. 966 C(1); Simoneaux v. E.I. du Pont de Nemours & Co., Inc., 483 So.2d 908, 912 (La.1986) (“Under C.C.P. 967, a trial judge clearly has the discretion to issue a summary judgment after the filing of affidavits, or the judge may allow further affidavits or discovery to take place.” (emphasis in original)). That decision by the trial judge is reviewed, however, under an abuse-of-discretion standard. See Newsome v. Homer Memorial Medical Center, 10-0564, p. 3 (La.4/9/10), 32 So.3d 800, 803 (“Under the facts of this ease, the trial court abused its discretion in granting the motion for continuance solely in order to allow the plaintiffs expert’s affidavit to' be filed in compliance with the eight-day limit contained in Article 966.”). And under our procedural schema, a party is entitled.to submit to the trial judge- a motion for new trial in an effort to have the judgment with respect to “all or part of the issues” modified in the trial court. See La. C.C.P. art. 1971. Not only are there peremptory grounds for granting a new trial, including that the judgment appears contrary to the law and the evidence, see La. C.C.P. art. 1972(1), but also and importantly for our purposes, there is. the discretionary ground “if there is good ground therefor.... ” La. C.C.P. art. 1973. See Davis v. Wal-Mart Stores, Inc., 00-0445, p. 10 (La.11/28/00), 774 So.2d 84, 93 (“Whether to grant a new trial requires a discretionary balancing of many factors.”).
When called upon to review discretionary rulings by a trial judge, we are highly deferential to the trial judge. Thus, the consequences of the successor trial judge refusing by her practice or philosophy to exercise the discretion entrusted to her in deciding whether to grant a timely filed motion for new trial, we find, deprived Baker of an important statutory-opportunity or; perhaps as a practical | ^matter in light of the standard of our review, any opportunity to have the ruling modified.[7] See 5 C.J.S. Appeal and Error § 909 (2015) (“A court’s failure to exercise discretion may itself constitute an abuse of discretion. • If the triql court has refused or failed to exercise a discretion vested in it, as on the supposed ground of a lack of power, the judgment generally will be reversed so the court’s discretion can be exercised.” Citations omitted.).
Accordingly, we do not find it appropriate to convert this appeal to an application for supervisory writs. We remand the case for a discretionary ruling by the successor trial judge on the pending motion for new trial.
DECREE
The appeal is dismissed. The matter is remanded to the district court for consid *627 eration of and a ruling on the motion for new trial filed by Baker Ready Mix, LLC.
APPEAL DISMISSED; REMANDED

. For the language of a judgment to be considered "decretal," it must name the party in favor of whom the ruling is ordered and the party against whom the ruling is ordered as well as the relief that -is granted or denied. One must be able to determine from the judgment itself — without any reference to an extrinsic source — the specific relief granted. See Bd, of Supervisors of La. State Univ. and Agric. and Mech. Coll. v. Mid City Holdings, L.L.C., 14-0506, p. 3 (La.App. 4 Cir.10/15/14), 151 So.3d 908, 910.

. It appears that service of process has not yet been effected on Mr. Chatman.

. It is the absence of appropriate decretal language, see n. 1, ante, which prevents this final judgment from being a final appealable judgment.

.La. R.S. 13:4209 provides:
*625 A. In all cases heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or' if his term expires before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, If it is a case in • which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo.
B. (1) In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.
(2) If a prior judge has stated an affirma-five intent to sign-a judgment and failed to do so for'whatever reason, the successor judge is empowered to sign the judgment.

. Notably, a trial judge may not designate a ruling denying a motion for summary judgment as- a final appealable judgment under the provisions of La. C.C.B. art, 1915 B. See La. C.C.P. art. 968. .

. We have previously suggested that an inter-mediáte appellate court; when confronted with the confluence of Herlitz factors in an application for the .exercise of its discretionary supervisory jurisdiction, abuses its discretion when it fails to exercise its supervisory jurisdiction to review the application. See Hooper v. Brown, 15-0339, p. 1 (La.App. 4 Cir, 5/22/15), 171 So.3d 995, 997 n. 1; MR Pittman Group, LLC v. Plaquemines Parish Government, 15-0395, p. 4 (La.App. 4 Cir.9/16/15), 176 So.3d 549, 552 n. 5.

. We do not And that the provisions of La. R.S. 13:4209, see n. 4, ante, are directly controlling but can be used as a guide for a successor trial judge who is confronted with the unenviable task of concluding unfinished motions for modification of a judgment which was rendered by the predecessor judge.