Judge Joy Cossich Lobrano
In this tort litigation, defendants/appellants, B-3 Property d/b/a B-3 Consulting ("B-3"), Blair Bail Bonds ("Blair"), and St. Roch Villa, LLC ("St. Roch"), appeal the December 20, 2017 judgment of the district court, which granted summary judgment in favor of plaintiff/appellee, Cassandra Smith ("Smith"). For the reasons that follow, we find that the judgment lacks the required decretal language, and is not a final appealable judgment. Accordingly, we dismiss the appeal without prejudice and remand this matter to the district court.
On May 27, 2011, Smith filed a petition for damages against B-3 and Blair. Smith alleged that B-3 and/or Blair owned and operated the apartment complex where Smith lived. Smith further alleged that, in "June or July of 2010," she sustained injuries when she slipped and fell in a puddle of algae on the ground, which formed as a result of a leak in her apartment's air conditioner. According to Smith's petition, B-3 and Blair are liable for negligence. On September 22, 2014, St. Roch was added as a defendant via a supplemental and amending petition, in which Smith alleged that St. Roch and/or B-3 and/or Blair owned and operated the apartment complex *109 where Smith lived and, consequently, are liable for negligence.
On May 19, 2015, Smith filed a motion for summary judgment against B-3 and Blair on the issue of negligence. On August 28, 2015, summary judgment was denied. On August 8, 2017, Smith filed a second motion for summary judgment against B-3 and Blair on the issue of negligence. The motion did not seek summary judgment against St. Roch. On December 20, 2017, the district court granted summary judgment. This appeal followed.
We must first consider whether we have jurisdiction to review this appeal. As this Court explained in Moulton v. Stewart Enterprises, Inc. , 2017-0243, pp. 3-7 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571-73 :
An appellate court cannot determine the merits of an appeal unless its subject matter jurisdiction is properly invoked by a valid final judgment. Freeman v. Phillips 66 Co. , 16-0247, p. 2 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440 (citing Tsegaye v. City of New Orleans , 15-0676, p. 3 (La. App. 4 Cir. 12/18/15), 183 So.3d 705, 710, writ denied , 16-0119 (La. 3/4/16), 188 So.3d 1064 ); see La. C.C.P. art. 2083(A)....
* * *
In addition to requiring that a judgment be precise, definite, and certain, the jurisprudence has required that a valid final judgment be self-contained; stated otherwise, "[o]ne must be able to determine from the judgment itself-without any reference to an extrinsic source-the specific relief granted." Baker Ready Mix, LLC v. Crown Roofing Servs., Inc. , 15-0565, p. 2, n. 1 (La. App. 4 Cir. 12/16/15), 183 So.3d 622, 623 (citing Bd. of Supervisors of La. State Univ. and Agric. and Mech. Coll. v. Mid City Holdings, L.L.C. , 14-0506, p. 3 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910 ). "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." Input/Output Marine [Sys., Inc. v. Wilson Greatbatch, Techs., Inc. , 10-477, p. 13 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916 ]....
Another requirement that the jurisprudence has imposed is that a valid final judgment contain decretal language. " 'Decretal language is defined as the portion of a court's judgment or order that officially states ('decrees') what the court is ordering and generally starts with the formula 'It is hereby ordered, adjudged, and decreed that ....' " Freeman , 16-0247 at p. 2, 208 So.3d at 440 (quoting Jones v. Stewart , 16-0329, p. 5 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 387 ). To comply with the decretal language requirement, a judgment must contain the following three elements: (i) it "must name the party in favor of whom the ruling is ordered"; (ii) it must name "the party against whom the ruling is ordered"; and (iii) it must state "the relief that is granted or denied." Baker Ready Mix , 15-0565,, at p. 2, n. 1, 183 So.3d at 623 ; Input/Output , 10-477 at p. 13, 52 So.3d at 916....
* * *
The jurisprudence has held that "[a] judgment that simply states that a defendant's motion for summary judgment is granted, is defective and cannot be considered a final judgment." Eldon E. Fallon, LA. PRAC. TRIAL HANDBOOK FOR LA. LAWYERS § 34:1 (3d ed. 2017) (citing Contreras v. Vesper , 16-318, p. 3 (La. App. 5 Cir. 10/19/16), 202 So.3d 1186, 1188-89 ); Gaten v. Tangipahoa Parish School System , 11-1133, pp. 3-4 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074 (finding that a judgment which simply states that a "Motion for *110 Summary Judgment is Granted," without decretal language disposing of or dismissing the claims, is defective and cannot be considered as a "final judgment"); In re Med. Review Panel of Williams v. EMSA Louisiana, Inc. , 15-1178, p. 2 (La. App. 4 Cir. 10/21/16), 203 So.3d 419, 423 (holding that the judgment providing that "It is ordered, adjudged and decreed that the Motion for Summary Judgment filed herein on behalf of Defendant, PCF is granted" lacked the required decretal language and citing Tomlinson v. Landmark Am. Ins. Co. , 15-0276, p. 2 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156 ). As the court in Contreras explained, "one must refer to the motion for summary judgment and assume that the relief granted by the judgment is that prayed for in the motion.... [A] judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling." 16-318 atp. 2, 202 So.3d at 1188....
This Court has held that, in multiple defendant cases, the "failure to name the particular defendant cast in judgment results in the invalidity of the judgment." Urquhart v. Spencer , 2015-1354, p. 4 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077 (quoting Freeman v. Zara's Food Store, Inc. , 2016-0445, p. 15 (La. App. 4 Cir. 11/2/16), 204 So.3d 691, 700 ) ). "The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced." Urquhart , 2015-1354, p. 4, 204 So.3d at 1078 (quoting Freeman , 2016-0445, p. 15, 204 So.3d at 701 ). "Moreover, such a judgment 'does not determine the rights of the parties because it does not cast any defendant in judgment and it does not express the degree of fault of each defendant as a percentage.' " Freeman , 2016-0445, p. 15, 204 So.3d at 701 (quotation omitted).
Here, the district court's December 20, 2017 judgment states, in relevant part:
Plaintiff's Motion for Summary Judgment came for hearing before this Honorable Court on November 17, 2017.
Present on said date were:
J. Michael Daly, Jr., attorney for Plaintiff
Ike Spears, attorney for Defendants
The Court, after reviewing the pleadings and listening to the arguments of counsel GRANTED plaintiff's Motion for Summary Judgment and granting the relief prayed for in said Motion and Memorandum.
Accordingly, it is hereby Ordered that plaintiff's Motion for Summary Judgment be and is hereby GRANTED, and that there be Judgment rendered herein in favor of the plaintiff and against the defendants. This Motion is GRANTED with full prejudice, each party to bear its own costs.
Applying the above principles to this matter, we find that the judgment does not satisfy the requirements for a final appealable judgment. The judgment does not name the party against whom the ruling is ordered and merely states that judgment is rendered "against the defendants." It does not specify which defendants are cast in judgment or provide any degree of fault for each defendant as a percentage. The judgment also does not specify what relief is granted; rather, the judgment merely states that it grants "the relief prayed for in said Motion and Memorandum." As a result, one must look to extrinsic documents or pleadings in order to discern what the district court's ruling entails. The absence of this necessary decretal language means that the judgment is not final and appealable. We, *111 therefore, lack appellate jurisdiction to address the merits of the appeal.
Under certain circumstances, this Court has exercised its discretion to convert " 'appeals' of non-appealable judgments to applications for supervisory writs in those cases in which the motions for appeal were filed within the thirty-day period allowed for the filing of applications for supervisory writs." Favrot v. Favrot , 2010-0986, p. 6 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104. See also Rule 4-3, Uniform Rules-Courts of Appeal.[1] Here, however, the appellants filed a Notice of Intent and Motion to Fix Time for Filing of Appeal on February 7, 2018, forty-nine (49) days after the district court judgment was rendered.
Thus, "while [a] motion for appeal could be construed to be a notice of intent to seek supervisory writs, it could not be construed as a timely one where it was filed more than thirty days from the court's ruling." Babineaux v. Univ. Med. Ctr. , 2015-292, p. 7 (La. App. 3 Cir. 11/4/15), 177 So.3d 1120, 1125 (citing Rain CII Carbon, LLC v. Turner Indus. Grp., LLC , 2014-121, p. 2 (La. App. 3 Cir. 3/19/14), 161 So.3d 688, 689 ). "[T]he motion [for appeal] was filed untimely for a writ application, and if we allowed the conversion, the writ application would be dismissed because of untimeliness." Babineaux , 2015-292, p. 7, 177 So.3d at 1125
Because the instant appeal was not filed within thirty days from the date of the district court's judgment, we decline to exercise our discretion to convert the appeal to a writ application. We therefore dismiss the appeal without prejudice and remand the case to the district court for further proceedings. Once a final appealable judgment is rendered, the parties may file a new appeal with this Court. See Moulton , 2017-0243, p. 7, 226 So.3d at 573.
For these reasons, the appeal is dismissed without prejudice, and this matter is remanded.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED

Rule 4-3 of the Uniform Rules of Courts of Appeal provides, in pertinent part: "[t]he judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914...."