Judge Regina Bartholomew-Woods
In this matter arising from a slip and fall incident in a food store, Appellant appeals the trial court's judgment granting summary judgment. Although the trial court, at the conclusion of the hearing on the motion for summary judgment, pronounced "[m]otion for [s]ummary [j]udgment granted," the trial court failed to memorialize its judgment in writing. Instead, the trial court produced written reasons for judgment. Without a valid final judgment, this Court lacks jurisdiction to exercise appellate review, and we decline to exercise supervisory review. Accordingly, this appeal is dismissed without prejudice and remanded.
FACTUAL BACKGROUND
On March 3, 2016, Plaintiff-Appellant Renell Carter ("Appellant") entered Quicky's Discount # 3[1] ("the store") to purchase food. Before making her selections, Appellant proceeded to the restroom located in the back of the store. According to Appellant, she was "walking and talking" and slid and fell[2] on a gray plastic garbage can lid[3] that was in the aisle. Defendant-Appellee Ameer, LLC et al ("Appellee")[4] argues that the garbage can *924 lid presented an open and obvious risk that Appellant would have noticed had she been paying attention. When deposed, Appellant conceded that had she "been looking," she would have noticed the garbage can lid. In her subsequent affidavit, Appellant explained that her "eyes were straight forward and not down toward the floor [so she] did not see a gray garbage can" lid on the floor.
PROCEDURAL HISTORY
On August 22, 2016, Appellant filed a petition for damages in First City Court, Parish of Orleans ("trial court"). On July 13, 2017, Appellees filed a motion for summary judgment, which was heard by the trial court on September 21, 2017. The trial court granted summary judgment. On September 25, 2017, the trial court issued its written reasons for judgment. Appellant appealed.
DISCUSSION
Appellant raises a number of assignments of error, which address whether the trial court erred in granting summary judgment. However, before this Court considers the merits of this appeal, we must determine sua sponte whether "jurisdiction has been properly invoked by a valid final judgment."[5] Moon v. City of New Orleans , 2015-1092, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425. Pursuant to La. C.C.P. art. 1911"every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge," and "no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled." Thus, a final judgment must be reduced to writing. Moreover, this Court has stated that "an appellate court reviews written judgments ..." Two Canal St. Inv'rs, Inc. v. New Orleans Bldg. Corp. , 2016-0825, (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, 1008.
In addition to being written, a final judgment must contain decretal language, which "officially states ('decrees') what the court is ordering and generally starts with the formula 'It is hereby ordered, adjudged, and decreed that ....' " Lewis v. B-3 Prop. , 2018-0428, p. 3 (La. App. 4 Cir. 10/24/18), 258 So.3d 107, 109. Further, "[t]o comply with the decretal language requirement, a judgment must contain the following three elements: (i) it "must name the party in favor of whom the ruling is ordered"; (ii) it must name "the party against whom the ruling is ordered"; and (iii) it must state "the relief that is granted or denied." Id.
This Court further stated that "[i]n addition to requiring that a judgment be precise, definite, and certain, the jurisprudence has required that a valid final judgment be self-contained; stated otherwise, "[o]ne must be able to determine from the judgment itself-without any reference to an extrinsic source-the specific relief granted." Id. at 109. An extrinsic source, such as "written reasons for judgment, do not form part of the judgment, ... and as such, we do not refer to reasons for judgment in determining whether a judgment is final." Orozco v. Aries Bldg. Sys., Inc. , 2017-0656, p. 5 (La. App. 4 Cir. 1/24/18), --- So.3d ----, 2018 WL 525656. Finally, the Louisiana Supreme Court has pronounced that "the job of the appellate court [is] to review the district court's judgment, not its reasons for judgment." Wooley v. Lucksinger , 2009-0571, 78 (La. 4/1/11), 61 So.3d 507, 572.
*925 Here, the trial court, at the conclusion of the hearing on the motion for summary judgment, orally declared "[m]otion for [s]ummary [j]udgment granted."[6] Counsel for Appellees asked "[j]ust so I'm clear, since you're going to be doing written reasons, I do not need to submit a judgment." The trial court responded, "[c]orrect." However, the trial court failed to reduce her judgment to writing. Because there exists no valid final judgment to invoke this Court's jurisdiction, Appellant is "not entitled as of right to appellate review."[7] Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C. , 2014-0506, p. 3 (La. App. 4 Cir. 10/15/14), 151 So.3d 908, 910. Based on the aforementioned, this Court cannot exercise its supervisory jurisdiction since there is no written judgment. Accordingly, the appeal is dismissed without prejudice and remanded to the trial court.
CONCLUSION
For the aforementioned reasons, we dismiss the appeal without prejudice and remand to the trial court.
DISMISSED WITHOUT PREJUDICE AND REMANDED

Quicky's Discount # 3 is located at 1535 Franklin Avenue in New Orleans, Louisiana. This store is operated by Jafar Abukhalil, Inc.

When deposed, Appellant indicated that her fall was more "like a split."

In her appellate brief, Appellant asserts that the garbage can lid extended no more than an inch to an inch and a half above the floor. Appellee asserts that the floor was tan in color.

In her petition for damages, Appellant named Ameer, LLC, et al as defendant. However, Jafar Abukhalil, Inc., answered as the proper defendant in this action.

A final "judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." Moon, 2015-1092 at p. 5, 190 So.3d at 425 ; La. C.C.P. art. 1841.

This Court has recognized that "jurisprudence has held that '[a] judgment that simply states that a defendant's motion for summary judgment is granted, is defective and cannot be considered a final judgment.' " Eldon E. Fallon, LA. PRAC. TRIAL HANDBOOK FOR LA. LAWYERS § 34:1 (3d ed. 2017); Lewis , 2018-0428 at p. 3, 258 So.3d at 109.

While this Court lacks appellate jurisdiction of this matter, this Court can, at its discretion and in accordance with certain criteria, convert the appeal of an interlocutory judgment to an application for supervisory review. Id. See La. C.C.P. art. 2201 ; Ramirez v. Evonir, LLC , 2014-1095, p.5 (La. App. 4 Cir. 4/9/15), 165 So.3d 260, 263. Because the granting of summary judgment and dismissal, with prejudice, of all claims is not an interlocutory judgment, we cannot convert this appeal and exercise supervisory jurisdiction.