SUCCESSION OF CHARLES C.
PEDESCLEAUX

NO. 19-CA-250

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 89,19, DIVISION "A"
HONORABLE JASON VERDIGETS, JUDGE PRESIDING

November 04, 2019

**PER CURIAM**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**REMANDED WITH INSTRUCTIONS**
   **FHW**
   **JGG**
   **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
CHARLES PEDESCLEAUX, JR.
    Benjamin L. Johnson

COUNSEL FOR DEFENDANT/APPELLEE-2ND APPELLANT,
OLGA PEDESCLEAUX
    Arthur A. Morrell
    Madro Bandaries

**WICKER, J.**

This matter is before the Court on appeal of two rulings of the trial court arising from a January 22, 2019 hearing: one addressing the separate or community nature of real estate located at 10561 Charles Lane, St. James, Louisiana; and the other addressing the validity of a will. As the trial court reduced its community property ruling to a January 25, 2019 judgment, along with separate reasons for judgment addressing that issue, but failed to reduce its decision as to the validity of the will to a judgment, this Court lacks appellate jurisdiction. Therefore, we remove this case from our November 2019 docket and remand the case to the district court for preparation of a judgment addressing the validity of the will in question and, thereafter, for supplementation of the appellate record with that judgment.

The relevant facts and procedural history leading to the judgment at issue are as follows. Charles C. Pedescleaux, Sr. (the "decedent") died on April 16, 2017. Olga Pedescleaux ("Olga"), the widow of the deceased, filed a Petition to Open Succession on April 20, 2017, alleging that the decedent died intestate and requesting that she be appointed Administratrix over the estate. Olga was appointed Administratrix for the decedent's estate on April 27, 2017.

On June 1, 2017, Charles, Jr. filed a "Petition to Admit the Last Will and Testament of Charles C. Pedescleaux, Sr.," seeking to have the court appoint him Executor of the estate (per the stipulations of the will) and declaring that certain real estate located at 10561 Charles Lane, St. James Parish, Louisiana remained separate property, the decedent having purchased the property prior to his marriage to Olga.

Thereafter, on December 20, 2018, Olga filed a motion and memorandum titled:

> Motion and Rule to Show Cause Why The Last Will and Testament of Charles C. Pedescleaux, Sr. Should Not be Null and Void Because of Failure to Observe Statutory Formalities; Why Mrs. Olga H. Pedescleaux, Spouse of Deceased Charles C. Pedescleaux, Sr. Should Not be Declared Administratrix of Decedent's Estate; Why All Financial Documents and Any and All Documents Whatsoever Being Held by Decedent's Children: Charles Pedescleaux, Jr., Charlesetta Pedescleaux Knight, Constance Pedescleaux Bernard, Jessica Pedescleaux Geason, And Deidra Pedescleaux Grant or Anyone Else Should Not Turn Over Said Documents to Mover and With Full Accounting of Said Financial Records and Documents and Why the Marital Domiciled [*sic*] Should Not be Designated as Community Property.

A hearing was set for January 22, 2019 to take up Olga's motion. The transcript of the January 22, 2019 hearing reveals that the trial court orally denied Olga's request that the last will and testament be declared null and void and took the issue of whether the home on Charles Lane was community property under advisement. On January 25, 2019, the trial court signed two separate documents.

The first document, entitled "Judgment" provides in its entirety, "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the prayer of Olga Pedescleaux that the family home located at 10561 Charles Lane, St. James, Louisiana 70086 be declared the community property of Charles C. Pedescleaux, Sr. and Olga Pedescleaux is hereby GRANTED."

The second document signed on January 25, 2019 is entitled "Judgment With Written Reasons." Within this document, under the heading "Procedural Posture," the court referred back to the January 22, 2019 hearing and stated, "After hearing arguments of the parties, the Court DENIED the Mover's request that the last will and testament of Charles C. Pedescleaux, Sr. be declared null and void. The Court then took the issue of the family home being declared community property under advisement." After further expounding on the law and analysis relating to the issue of community property, the document concludes, "Therefore, based on the evidence presented to the Court, the Mover's prayer that the family home located at 10561 Charles Lane, St. James, Louisiana 70086, be deemed to be community property is hereby GRANTED."

Thereafter, on February 19, 2019, Charles, "in his capacity as the administrator of the Succession of Charles C. Pedescleaux," sought a devolutive appeal from the January 25, 2019 Judgment. Charles specifically appeals the trial court's grant of Olga's motion that the home located on Charles Lane be declared community property. Charles' appeal does not address the validity of the will. The trial court granted the appeal on February 21, 2019 "upon finding that the judgment of this court dated January 25, 2019 constitutes a final judgment on all matters contained therein."

On April 10, 2019,[1] Olga filed a motion seeking a devolutive appeal from "The February 19th, 2019 Judgment of the Court Determining That the Will of Charles C. Pedescleaux was Valid." There is no judgment of the court dated February 19, 2019 in the record.[2] The ruling that Olga refers to in her motion for appeal was actually an oral ruling made from the bench on January 22, 2019 and memorialized in the minute entry for the January 22, 2019 hearing and addressed but not ruled upon in the January 25, 2019 document entitled "Judgment with Written Reasons." It was *not* mentioned in the January 25, 2019 document entitled "Judgment." Olga's appeal was granted on April 15, 2019.

### *Law and Analysis*

Before determining the merits of an appeal, this Court must verify that its jurisdiction has been properly invoked by a valid final judgment. *See Lewis v. B-3 Prop.*, 2018-0428 (La.App. 4 Cir. 10/24/18, 2); 258 So.3d 107, 109; *Freeman v. Phillips 66 Co.*, 16-0247 (La. App. 4 Cir. 12/21/16), 208 So.3d 437, 440. A final judgment "must be reduced to writing." *Carter v. Ameer, LLC*, 18-0703 (La. App. 4 Cir. 2/27/19), 265 So.3d 922, 924; La. C.C.P. art. 1911; *see Hains v. Hains*,09-1337 (La. App. 1 Cir. 3/10/10), 36 So.3d 289, 301. Furthermore, "appeals can only be taken from signed judgments" according to La. C.C.P. art. 1911, so an oral judgment that is not reduced to writing and signed is not appealable as it is not final. *Hairr v. Hairr*, 88-550 (La. App. 3 Cir. 7/26/88), 530 So.2d 1, 1. When a trial court orally declared, "motion for summary judgment granted," at the conclusion of the hearing on the motion, but thereafter failed to reduce the judgment to writing, the Fourth Circuit found that there was no final judgment to invoke the appellate court's jurisdiction. *Carter*, 265 So.3d at 925.

Valid final judgments must contain decretal language. *Id.*; *Lewis v. B-3 Property*, 18-0428 (La. App. 4 Cir. 10/24/18), 258 So.3d 107, 109. While decretal

---

[1] The stamp-filed date is illegible.
[2] The only document in the record dated February 19, 2019 is Charles' "Motion For Devolutive Appeal" from the "final judgment of this court dated January 25, 2019."

2

language often follows the formulaic expression, "It is hereby ordered, adjudged, and decreed that . . .," courts have held that three elements are necessary for a judgment to comply with the decretal language requirement: it must (1) name the party in whose favor the ruling is ordered, (2) "name the party against whom the ruling is ordered," and (3) "state the relief that is granted or denied." *Lewis,* 258 So.3d at 109; *Carter,* 265 So.3d at 924.

"In addition to requiring that a judgment be precise, definite, and certain, the jurisprudence has required that a valid final judgment be self-contained." *Lewis,* 258 So.3d at 109. As this Court has previously said, "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc.*, 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916. To that end, the law requires that written reasons for the judgment "be set out in an opinion *separate from the judgment.*" La. C.C.P. art. 1918 (emphasis added). The reasons for judgment are not part of the judgment itself, and an appeal may only be taken from the judgment, not the reasons for judgment. *Wooley v. Lucksinger*, 09-0571 (La. 4/1/11), 61 So.3d 507, 572; *Ricks v. E. Jefferson Gen. Hosp. Found., Inc.*, 00-1695 (La. App. 5 Cir. 3/14/01); 783 So.2d 457, 458.

Typically the mere inclusion of reasons within the judgment, although contrary to the requirements of La. C.C.P. art. 1918, will not invalidate a judgment that otherwise satisfies the decretal language requirements. *See I.F. v. Administrators of Tulane Educational Fund*, 13-0696 (La. App. 4 Cir. 12/23/13); 131 So.3d 491, 496; *Barlow v. Barlow*, 13-1092 (La. App. 3 Cir. 10/23/13); 161 So.3d 24, 26-27. However, when the document at issue does not adequately convey to the reader that "a judgment, as opposed to simply the reasons for judgment, is being rendered," the document will not serve as a final judgment "even though the instrument at issue contains language that constitutes a valid decree." *Barlow*, 161 So.3d at 28. In *Parker v, Southern American Ins. Co.*, the Third Circuit determined that a document that concluded with the sentence, "Accordingly[,] the exception of prescription is maintained and plaintiff's suit is dismissed at her costs," was "technically sufficient to constitute a valid decree" but "of such an ambivalent nature following what was so far reasons for judgment, that counsel were not placed on adequate notice that the document was intended to be a judgment." 578 So.2d 1021, 1023-24 (La. App. 3 Cir. 4/17/91).

In this case, the document entitled "Judgment With Written Reasons" contains sections for "Procedural Posture," "Facts," "Law," "Analysis," and "Conclusion." The holding that Olga appeals from is addressed in the "Procedural Posture" section of the document and reads like a recollection of an event with the single word "DENIED" in bold face. The rest of the paper is devoted to an analysis of the community property issue, and the "Conclusion" section of the document contains the sole pronouncement that "Mover's prayer that the family home located at 10561 Charles Lane, St. James, Louisiana 70086, be deemed to be community property is hereby GRANTED." Considering the "Judgment With Written Reasons" by itself, the language preceeding the court's disposition of the issues does not serve to alert the reader that an official judgment is being rendered, especially with respect to the court's decision regarding the validity of the will, which is glossed over in the introduction rather than addressed in the conclusion along with the ruling on community property. [3] Moreover, a separate document

---

[3] The only document that contained any written reference to the ruling which Olga seeks to appeal was the January 25, 2019 "Judgment With Written Reasons." Conceivably, Olga may have thought that the language of the order granting Charles' appeal and finding "that the judgment of this court dated January

3

was signed on the same day addressing the community property issue carrying the title of "Judgment." Therefore, we conclude that the "Judgment With Written Reasons" was intended to be "reasons" for the court's community property judgment only.

At this time, there is a judgment on the issue of whether the home located at 10561 Charles Lane is community property. Additionally, there are reasons for judgment on the issue of whether the home located at 10561 Charles Lane is community property. However, while the reasons for judgment addressing community property issue also mentions that the trial court reached a decision on the issue of whether the last will and testament, filed into the record by Charles, Jr., is valid, that document does not purport to serve as a judgment on that issue. Further, that document does not contain the proper decretal language necessary to form a valid judgment on the will validity issue. The oral decision on the validity of the will was never reduced to a written judgment.

Therefore, this Court does not have jurisdiction to address the trial court's January 22, 2019 oral ruling addressing the validity of the will in question. Therefore, we remove the instant appeal from the docket and remand this matter to the 23rd Judicial District Court, Parish of St. James for formulation of a complete and final judgment on the issue of the validity of the last will and testament of Charles C. Pedescleaux, Sr., decided at the January 22, 2019 hearing. Upon the signing of a judgment by Friday, November 8, 2019, the Clerk of Court shall supplement the appellate record with the judgment no later than the following Wednesday, November 13, 2019. Thereafter, this Court will docket this case on the next appropriate date available.

**REMANDED WITH INSTRUCTIONS**

---

25, 2019 constitutes a final judgment *on all matters contained therein*" (emphasis added) somehow served as a designation of final judgment and was, therefore, the first time the ruling on the validity of the will became final. If the "Judgment With Written Reasons" were to constitute a final judgment, Olga's appeal to this Court is untimely filed.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 4, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

## 19-CA-250

### E-NOTIFIED
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. JASON VERDIGETS (DISTRICT JUDGE)
BENJAMIN L. JOHNSON (APPELLANT)          MADRO BANDARIES (APPELLANT)

### MAILED
ARTHUR A. MORRELL (APPELLANT)
ATTORNEY AT LAW
POST OFFICE BOX 26306
NEW ORLEANS, LA 70186