| | | |
|---|---|---|
| THE SPICE FACTORY CONDOMINIUM ASSOCIATION, INC. | * | NO. 2023-CA-0080 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| PATRICK JARLATH MCARDLE A/K/A JARLATH P. MCARDLE | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority opinion. For the following reasons, I find the language in the October 10, 2022 insufficient to constitute a final appealable judgment, as to Mr. McArdle's reconventional demand. This Court is without jurisdiction to consider the merits of the appeal.

Before considering the merits of an appeal, this Court has a duty to determine whether our jurisdiction has been properly invoked by a valid final judgment. *Urquhart v. Spencer*, 15-1354, p. 3 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1077. A valid final judgment must be "self-contained; stated otherwise, '[o]ne must be able to determine from the judgment itself—without any reference to an extrinsic source—the specific relief granted.'" *Lewis v. B-3 Property*, 18-0428, p. 2 (La. App. 4 Cir. 10/24/18), 258 So.3d 107, 109 (quoting *Baker Ready Mix, LLC v. Crown Roofing Servs., Inc.*, 15-0565, p. 2, n. 1 (La. App. 4 Cir. 12/16/15), 183 So.3d 622, 623)). In addition, the judgment must contain decretal language that (i) names the party in favor of whom the ruling is ordered; (ii) names the party against whom the ruling is ordered; and (iii) states the specific relief that is granted or denied. *Lewis*, 18-0428, p. 3, 258 So.3d at 109; *Urquhart*, 15-1354, p. 3, 204 So.3d at 1077.

Applying these principles to this case, I find the October 10, 2022 judgment lacks decretal language as to the reconventional demand; the judgment fails to state the specific relief denied and, finally, on the face of the judgment, it does not appear that Mr. McArdle's reconventional demand has been dismissed. Thus, I find that this judgment is insufficient to properly invoke this Court's jurisdiction to review the merits of the appeal.

In accordance with the recent amendment to La. C.C.P. art. 1918, "a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court" for the judgment to be amended in accordance with La. C.C.P. art. 1951 to correct the deficiencies in the decretal language. I am of the opinion that this court has the authority to remedy this issue by remand to the trial court pursuant to La. C.C.P. art. 1918. However, unless and until the October 10, 2022 judgment is corrected in accordance with La. C.C.P. art. 1918, I find that this Court is without jurisdiction to consider the merits of the appeal.